A. Charles **BRODT**, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 93–3351.

United States Court of Appeals, Federal Circuit.

Dec. 10, 1993.

A. Charles Brodt, submitted pro se.

Joyce Friedman, Atty., Merit Systems Protection Bd., Washington, DC, submitted for respondent. With her on the brief were Mary L. Jennings, Deputy Gen. Counsel and Anita Marshall, Acting Asst. Gen. Counsel. Of counsel were Michael K. Martin, Merit Systems Protection Bd., Washington, DC, and David M. Cohen, Director and Bryant G. Snee, Atty., Dept. of Justice, Washington, DC.

Before RICH, NEWMAN, and PLAGER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

A. Charles Brodt, a preference eligible employee of the Postal Service, appeals the decision of the Merit Systems Protection Board, Docket No. SF344393-238-I-1, that it lacks jurisdiction over his appeal. Since the decision of the Postal Service which Mr. Brodt contests does not constitute an appealable personnel action, we affirm the Board's decision.

## BACKGROUND

Mr. Brodt voluntarily transferred from a position of Distribution Clerk to one of Maintenance Mechanic in 1971. In September of 1992 he asked to be reassigned to his former position, apparently to take advantage of early retirement provisions the Postal Service had made available to clerks but not to maintenance mechanics. Mr. Brodt states that when he transferred to the maintenance mechanic position in 1971 he had an understanding with his supervisor that he would be permitted to retreat to his former position if the stress of the maintenance mechanic position exacerbated his high blood pressure. The Postal Service denied the request.

Following an unsuccessful grievance hearing, Mr. Brodt appealed the agency decision to the Board, asserting that the agency was motivated by discrimination and retaliation for his union activities. The Board held that the National Agreement only granted an employee in Mr. Brodt's circumstances the right to retreat to his former position if that right was exercised within ninety days of the transfer. This appeal followed.

## DISCUSSION

■ The transfer of an employee to another position at the same pay and grade is not an agency action appealable to the Board. *McEnery v. Merit Systems Protection Board,* 963 F.2d 1512 (Fed.Cir.1992); *Manning v. Merit Systems Protection Board,* 742 F.2d 1424, 1427 (Fed.Cir.1984); *Thomas v. United States,* 709 F.2d 48 (Fed.Cir.1983). It follows that the refusal of the Postal Service to transfer Mr. Brodt to another position at the same pay and grade is not an action appealable to the Board. *Cf. Tankesley v.*

*T.V.A.,* 54 M.S.P.R. 147 (1992) (failure to select employee for reassignment not appealable to Board); *Gaff v. Department of Transportation,* 45 M.S.P.R. 387 (1990) (nonselection for position not appealable to the Board); *Mello v. Department of Energy,* 20 M.S.P.R. 45 (1984) (same); *Grigg v. Department of the Interior,* 5 MSPB 446, 5 M.S.P.R. 439, 441 (1981) (same).

■ Mr. Brodt alleges that the agency's action in refusing his transfer request was improperly motivated. Prohibited personnel practices are cognizable by the Board only when they motivate an otherwise appealable personnel action. They do not, in themselves, provide a basis for review by the Board. *Cruz v. Department of Navy,* 934 F.2d 1240, 1246 (Fed.Cir.1991) (*en banc*); *Wren v. Merit Systems Protection Board,* 681 F.2d 867 (D.C.Cir.1982). Since the Postal Service's decision not to transfer Mr. Brodt is not an appealable action, the agency's motivation for this decision can not render it appealable. Nor can an oral understanding between Mr. Brodt and his supervisor in 1971 render an otherwise unappealable agency action appealable to the Board. *McEnery,* 963 F.2d at 1514.

The dismissal of Petitioner's appeal is

*AFFIRMED.*