**Louis J. DE MAIO, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3022.

United States Court of Appeals, Federal Circuit.

May 16, 2001.

Before RADER and DYK, Circuit Judges, PLAGER, Senior Circuit Judge.

PER CURIAM.

Louis J. De Maio ("petitioner") seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. Because the Board did not commit legal error, we *affirm*.

## BACKGROUND

Petitioner is employed by the Department of the Treasury, Internal Revenue Service ("agency") as an attorney. In 1998, petitioner was directed by his group manager to settle certain tax cases but refused to do so. Petitioner alleged that he was not authorized to settle cases because such an action would involve a significant change in his duties and responsibilities that would be inconsistent with his position description, salary, and grade. On January 22, 1999, petitioner received a written reprimand from the agency for his refusal to comply with his manager's directions.

Petitioner filed a grievance at the district level, which was denied. On February 17, 2000, petitioner filed an appeal with the Board charging the agency with having engaged in prohibited personnel practices by directing him to settle the cases that he allegedly was not authorized to settle and for sending him a reprimand letter that questioned his veracity, trustworthiness, and ethics. Petitioner alleged that the agency's actions were based on his whistleblower activities and submitted two letters he had sent to an agency superior, which he claimed contained protected disclosures.

In the Board's initial decision, the administrative judge dismissed petitioner's appeal for lack of jurisdiction. *De Maio v. Dep't of the Treasury*, No. PH–1221–00–0199–W–1 (M.S.P.R. Apr. 17, 2000). The administrative judge held that the Board had jurisdiction only if (1) the matter appealed was an "otherwise appealable action" or (2) petitioner had first sought corrective action from the Office of Special Counsel ("OSC"). The administrative judge found that the matter was not an "otherwise appealable action" under 5 C.F.R. § 1209.2(b)(2), and that petitioner had not exhausted his remedies before the OSC, as prescribed by 5 U.S.C. § 1214(a)(1).

Petitioner's subsequent petition to the Board was denied on September 5, 2000. This petition for review followed.

## DISCUSSION

■ Decisions of the Board must be sustained unless they are arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulation, or unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c); *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984). Whether the Board has jurisdiction to adjudicate a case is question of law, which this court reviews *de novo*. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed.Cir.1995). When an individual appeals to the Board, he has the burden of proving, by a preponderance of the evidence, that the Board has jurisdiction. *Id.*; 5 C.F.R. § 1201.56(a)(2). The question in this case is whether the Board erred in concluding that it lacked jurisdiction to hear petitioner's appeal.

■ The Board's jurisdiction is limited to that expressly granted by statute or regulation. *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1243 (Fed.Cir.1991) (en banc). Petitioner contends that the Board has jurisdiction to review and decide his appeal based on 5 U.S.C. § 7701(a). This court has held, however, that § 7701 confers jurisdiction over a prohibited personnel practice only when the prohibited personnel practice is otherwise appealable to the Board by law, rule, or regulation. *Brodt v. Merit Sys. Prot. Bd.*, 11 F.3d 1060, 1062 (Fed.Cir.1993). As the Board found, no statute or regulation makes the actions of which petitioner complains appealable to the Board under § 7701. Petitioner cites 5 U.S.C. § 7701(c)(2) for the proposition that the Board has jurisdiction to adjudicate claims concerning prohibited person-

nel practices. Section 7701(c)(2) states that an agency's decision cannot be sustained by the Board if the decision is shown to have been based on a prohibited personnel practice. Although this section offers a defense against action by an agency, it is inapplicable to the threshold question of jurisdiction, which is addressed by § 7701(a).

Petitioner further relies on *Dugan v. Ramsay*, 560 F.Supp. 1230 (D.R.I.1993), *rev'd*, 727 F.2d 192 (1st Cir.1984), for the proposition that the Board has jurisdiction over allegations of prohibited personnel practices. In that case, the district court stated that § 7701 did not make employment eligibility-status disputes directly appealable to the Board, *id.* at 1232–33, and denied district court review because Dugan had not exhausted his administrative remedies by first filing a charge with the OSC. *Dugan*, 560 F.Supp. at 1234–35. The First Circuit reversed on the jurisdictional question, finding that the government had waived the exhaustion of remedy requirement. *Dugan*, 727 F.2d at 194. The First Circuit did not hold that § 7701 confers jurisdiction for direct appeals to the Board over disputes involving prohibited personnel practices. Here, because the agency actions of which petitioner complains are not directly appealable to the Board by any law or regulation, he may not file a direct appeal from them under § 7701.

■ In the case of personnel actions not directly appealable to the Board, an individual is required to exhaust administrative remedies by first filing a complaint with the OSC, which is responsible for investigating such claims and seeking corrective action from the Board where it deems appropriate. 5 U.S.C. § 1214(a)(3); *Briley v. Nat'l Archives & Records Admin.*, 236 F.3d 1373, 1377 (Fed.Cir.2001); *Wren v. Merit Sys. Prot. Bd.*, 681 F.2d

867, 873 (D.C.Cir.1982). Only when his administrative remedy has been exhausted is an individual entitled to file an Individual Right of Action appeal under 5 U.S.C. § 1221 from a personnel action that is not otherwise appealable. *See* 5 U.S.C. §§ 1214(a)(3), 1221(a); *Marano v. Dep't of Justice*, 2 F.3d 1137, 1139 (Fed.Cir.1993). To the extent that *Dugan*, which did not even address the current exhaustion requirement, suggests that exhaustion of remedies available with the OSC is not required, we disagree with the decision. *See Briley*, 236 F.3d at 1377; *Willis v. Dep't of Argic.*, 141 F.3d 1139, 1142–43 (Fed.Cir.1998). Since petitioner has not exhausted his remedies before the OSC, we conclude that the Board did not err in finding that it lacked jurisdiction to review his appeal.

### COSTS

No costs.