Susan CAVEY, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 02–3283.

United States Court of Appeals,
Federal Circuit.

Feb. 10, 2003.

Before RADER, GAJARSA, and DYK,
Circuit Judges.

## DECISION

PER CURIUM.

Susan Cavey ("Cavey") petitions for review of the decision of the Merit Systems Protection Board ("Board"), which dismissed her petition for lack of jurisdiction. *Cavey v. Office of Pers. Mgmt.*, MSPB Docket No. AT–831M–02–0191–I–1, 2002 WL 832505 (Apr. 24, 2002) (petition for review denied Apr. 24, 2002). Because the Board's decision is not arbitrary, capricious, or an abuse of discretion, and is otherwise in accordance with law, this court *affirms*.

## BACKGROUND

Cavey was formerly an employee with the U.S. Postal Service ("USPS"), where she worked for approximately 16 years. Cavey claimed that she became incapable of performing her position in September of 1998, and filed for disability retirement with the Office of Personnel Management ("OPM"). She was denied benefits in an initial decision dated May 22, 2000. Following a request for reconsideration, how-

ever, OPM approved Cavey's application in a final decision dated January 25, 2001. The final decision indicated that payment of her retirement annuity would not start until after Cavey's last day of pay at USPS. Additionally, the decision indicated that interim payments were to begin within 14–20 days from the date USPS informed OPM of her last day of pay, then on the first business day of each month thereafter. These interim payments would continue until processing of her claim was completed, at which time her final annuity rate would be established, and regular monthly payments would begin.

Although it is unclear from the record if or when any interim payments began, the record indicates that regular monthly payments did not begin until September 1, 2001. Cavey asserts she filed a reconsideration appeal with OPM regarding the amounts of the annuity payment and backpay. Although the certified mail receipt (indicating receipt at OPM on July 10, 2001) was included in the record, the appeal itself was not, and OPM asserts that no final decision regarding that appeal could be found in Cavey's retirement file.

Cavey appealed to the Board on December 23, 2001, stating essentially that her compensation was late and less than the amount she was entitled to. In addition, Cavey requested disability backpay of $21,135.17 and various other monetary awards for loss of benefits and duress and suffering. Specifically, Cavey argued that employees at USPS (1) made fraudulent statements regarding payments she was receiving from the Office of Worker's Compensation; and (2) intentionally delayed or refused to fill out her disability forms, both of which caused OPM to believe she was still receiving some type of compensation, thus slowing the response time from OPM to begin payments.

On January 4, 2002, the administrative judge filed an Acknowledgment Order, indicating that the Board may not have jurisdiction over the appeal because OPM had not issued a final decision on the subject matter of the appeal. Cavey was ordered to file evidence and argument to prove the Board had jurisdiction. She failed to respond to the order. OPM filed a motion to dismiss Cavey's appeal since no final decision could be found in her retirement file. On January 25, 2002, considering Cavey's failure to respond and the absence of a final OPM decision, the administrative judge, in his initial decision, found the Board lacked jurisdiction over the appeal.

Cavey filed a timely petition for review by the MSPB, stating that the final decision by OPM was the January 25, 2001 decision she had received approving of her disability retirement. The Board denied this petition on April 24, 2002, concluding that there was no new, previously unavailable evidence and that the administrative judge had not made any error in law or regulation. The initial decision became final on April 24, 2002, and this timely appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

## DISCUSSION

This court must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

The Board's jurisdiction is limited to those areas specifically granted by law, rule, or regulation. 5 U.S.C. § 7701(a) (2000); *Van Wersch v. Dep't of Health & Human Servs.*, 197 F.3d 1144, 1147 (Fed. Cir.1999). "[A]n individual ... whose

rights ... under the Civil Service Retirement System ... are affected by a final decision of the ... Office of Personnel Management ... may request the Merit Systems Protection Board to review such decision in accord with procedures prescribed by the Board." 5 C.F.R. § 831.110 (2002). A final decision occurs after reconsideration. 5 C.F.R. § 831.109(f) (2002).

■ While Cavey's appeal regarding her *eligibility* for disability retirement was made final on January 25, 2001, the subject of this appeal (the *amount* of the benefit and the *entitlement* to any backpay) has not been made final. There is no indication that the "appeal" received by OPM on July 10, 2001 was in any way related to an initial (let alone final) decision of the Board. Thus, when Cavey filed her appeal to the Board on December 23, 2001, the administrative judge was correct in questioning the Board's jurisdiction. The administrative judge gave ample opportunity to Cavey to submit additional evidence regarding the Board's jurisdiction, which she failed to do. Cavey did not even submit the certified mail receipt at that time, the very item she now submits as proof of appeal. Therefore, as an initial matter, the administrative judge was correct in finding that the Board lacked jurisdiction over the appeal.

■ The alleged actions of Cavey's co-workers do not change the outcome of this case. Discriminatory personnel practices do not, per se, confer jurisdiction upon the Board. *See Brodt v. Merit Sys. Pro. Bd.*, 11 F.3d 1060, 1061 (Fed.Cir.1993). Those types of practices do not render a non-appealable action appealable. *See id.* The Board has no jurisdiction over Cavey's appeal because no final decision from OPM regarding the amount of the benefit and availability of backpay has been rendered. The alleged actions of Cavey's co-workers do not render her action appealable.

We accordingly affirm the Board's decision dismissing Cavey's petition for lack of jurisdiction.