Michael Anthony Wood, of Counsel, Waseca, MN, for Plaintiff–Appellant.

Thomas B. Fatouros, Principal Attorney, Mark A. Melnick, David M. Cohen, of Counsel, Department of Justice, Washington, DC, for Defendant–Appellee.

Before MAYER, Chief Judge, RADER, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

### ORDER

Michael Anthony Wood moves for reconsideration of the court's December 18, 2003 order requiring him to pay the filing fee in 03–5017. The United States has not responded. We consider whether 03–5026 should be dismissed as untimely.

Wood appealed the decision of the United States Court of Federal Claims dismissing his complaint as barred by the statute of limitations. The trial court entered judgment on September 6, 2002. Wood filed two notices of appeal, the first on October 22, 2002 and the second on November 13, 2002. The court docketed the appeals as 03–5017 and 03–5026. Wood has paid the fee in 03–5026.

Wood argues that he "has only one appeal pending" but "is being forced to pay for two appeals." However, because Wood filed a notice of appeal in 03–5017, he must pay the filing fee for that appeal. We note that the custodian of prison accounts has forwarded an initial partial payment.

The notice of appeal in 03–5026 was filed more than 60 days after the trial court entered judgment and thus is untimely. The time limits of Rule 4 are jurisdictional. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'" (citation omitted)). We note, however, that Wood's case will go forward because 03–5017 was timely.

Accordingly,

IT IS ORDERED THAT:

(1) Wood's motion for reconsideration is denied.

(2) 03–5026 is dismissed. The revised official caption for 03–5017 is reflected above.

(3) Each side shall bear its own costs for 03–5026.

Reginald R. THOMAS, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 03–3264.

United States Court of Appeals, Federal Circuit.

March 24, 2004.

Gerald M. Alexander, Principal Attorney, Kathryn A. Bleecker, David M. Cohen, Sara B. Rearden, Joyce G. Friedman, of Counsels, Washington, DC, for Respondent.

Reginald R. Thomas, of Counsel, Ocala, FL, for Petitioner.

Before RADER, LINN, and DYK, Circuit Judges.

RADER, Circuit Judge.

Petitioner Reginald R. Thomas petitions this court to review the final decision of the Merit Systems Protection Board (Board) dated December 30, 2002, No. AT–3443–03–0173–I–1. The Board dismissed petitioner's claims lack of jurisdiction. Because the Board did not err in its decision, this court *affirms*.

## Background

In September 2002, the Department of Justice, Federal Correctional Complex of Coleman, Florida (agency) issued a notice of proposed removal to petitioner based on charges of unprofessional conduct. Petitioner submitted a written reply to the agency on October 8, 2002 and an oral reply on October 16, 2002. Based on petitioner's response, the agency mitigated the removal to a lateral reassignment of petitioner from Human Resources Specialist, GS–07, Step 6, to Correctional Officer, GS–07, Step 6.

Petitioner appealed that decision to the Board in November 2002. The Board ordered petitioner to show that his petition was within the jurisdiction of the Board. In response to the order, petitioner argued the merits of the agency's action against him and alleged that it was based on a prohibited personnel practice under 5 U.S.C. § 2302. Petitioner argued that because the language of § 2302(a) includes "reassignment" in the definition of "personnel action," the agency's action was contrary to law. 5 U.S.C. § 2302(a) (2000).

The Board's initial decision dismissed the appeal for lack of jurisdiction because

the reassignment incurred no loss of pay or grade. The initial decision also held that the appellant could not raise a violation of 5 U.S.C. § 2302 directly to the Board without having first sought correction before the Office of Special Counsel (OSC). Petitioner sought review of the initial decision by the full Board. The Board denied the petition, finding that it did not meet the standard of review provided for at 5 C.F.R. § 1201.115. The initial decision then became the final decision of the Board pursuant to 5 C.F.R. § 1201.113(b). This appeal followed.

## DISCUSSION

This court has jurisdiction to hear this petition for review under 28 U.S.C. § 1295(a)(9) (2000). This court must affirm any agency action, findings, or conclusions not found to be (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed.Cir. 1984). However, the matter of whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which this court reviews de novo. *See Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed.Cir.1999); *Middleton v. Dep't of Defense*, 185 F.3d 1374, 1379 (Fed.Cir. 1999).

■ The Board has jurisdiction only over cases appealable to it under law, rule or regulation. *See* 5 U.S.C. § 7701(a) (2000); *Brodt v. Merit Sys. Prot. Bd.*, 11 F.3d 1060, 1062 (Fed.Cir.1993). Petitioner carries the burden of proving by preponderant evidence that his action is within the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i). The law as it relates to this case is clear. Lateral reassignment is not an adverse action under the board's statutory jurisdiction if it does not result in a loss of grade or pay. *See* 5 U.S.C. § 7512 (2000); *Wilson v. Merit Sys. Prot. Bd.*, 807 F.2d 1577, 1580 (Fed.Cir.1986). This is the case "even [if] the reassignment reduces the employee's status, duties or responsibilities." *Artmann v. Dep't of Interior*, 926 F.2d 1120, 1122–23 (Fed.Cir. 1991).

■ Petitioner attempted to prove jurisdiction under 5 U.S.C. § 2302. However, a party seeking correction of a personnel action defined by § 2302 must present a claim to the OSC before appealing to the Board. *See* 5 U.S.C. § 1214(a)(3) (2000); *Knollenberg v. Merit Sys. Prot. Bd.*, 953 F.2d 623 (Fed.Cir.1992). Petitioner did not do so. In this appeal, petitioner presents no legal support or persuasive argument to indicate the Board's decision on jurisdiction was in error. Accordingly, this court affirms the final decision of the Board.