NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**JOHN E. MANCINELLI,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2010-3102

---

Petition for review of the Merit Systems Protection Board in case no. PH-3443-09-0434-I-1.

---

Decided: September 24, 2010

---

JOHN E. MANCINELLI, of Forest Hill, Maryland, pro se.

MICHAEL A. CARNEY, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge*, LINN, and DYK, *Circuit Judges*.

PER CURIAM.

John E. Mancinelli ("Mancinelli") petitions for review of a final order of the Merit Systems Protection Board ("MSPB" or "Board") dismissing his appeal for lack of jurisdiction. *Mancinelli v. Dep't of Defense*, PH-3443-09-0434-I-1 (M.S.P.B. January 12, 2010) ("*Final Order*"). We *affirm*.

## BACKGROUND

Mancinelli was a career competitive service employee at the Defense Security Service ("DSS"), a component agency of the Department of Defense ("DOD" or "the agency"). On February 17, 2008, the agency converted Mancinelli from the competitive service to the excepted service. Title 5 C.F.R. § 302.102(b)(1) and (2) provide that when an employee is converted from the competitive to the excepted service, the agency shall notify the employee of the nature of the conversion, and obtain a written statement of understanding from the employee regarding the conversion of the position from the competitive service to the excepted service. The agency admits that it failed to comply with these notice requirements with respect to Mancinelli's February 17 conversion. Upon involuntary separation from the competitive service due to the elimination of an employee's current position, an employee may be eligible to elect a discontinued service retirement ("DSR"). Mancinelli contends that he was entitled to receive notice of the availability of DSR benefits, and that no such notice was received. The source of this alleged notice obligation is unclear. In May of 2008, the agency converted Mancinelli again, this time from a Title 5

excepted service position to a Title 10 excepted service position under the Defense Civilian Intelligence Personnel System ("DCIPS").

Mancinelli alleges that he did not learn that he should have been provided excepted service conversion notification as well as notice of his opportunity to elect DSR in advance of the February 17 conversion until June 11, 2008. As an eligible employee with over twenty-five years of service, Mancinelli contends that if he had been provided proper notice, he would have elected and received DSR. Mancinelli thereafter sought DSR from the agency. The agency notified him that it had concluded, in consultation with the Office of Personnel Management ("OPM"), that he was now ineligible for DSR. The agency's position seemed to be based solely on the fact that Mancinelli had already been converted on February 17, 2008, from the competitive service to the excepted service, and because of this conversion, the agency lacked the authority to grant him DSR in connection with the subsequent May 2008 conversion within the excepted service.

On April 30, 2009, Mancinelli appealed to the Board. In an initial decision, an administrative judge ("AJ") dismissed his appeal for lack of jurisdiction. *Mancinelli v. Dep't of Defense*, PH-3443-09-0434-I-1 (M.S.P.B. Aug. 5, 2009) ("*Initial Decision*"). Mancinelli petitioned the Board for review, and on January 12, 2010, the Board issued a final order denying the petition for review. *See Final Order*. The Board concluded that the AJ correctly determined that Mancinelli did not suffer an appealable action and that therefore, the Board lacked jurisdiction.[1]

---

[1] The Board vacated a portion of the initial decision that found that Mancinelli was not an employee with adverse action appeal rights.

Mancinelli timely appealed to this court, and we have jurisdiction pursuant to 5 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's decisions about jurisdiction without deference. *Butler v. Soc. Sec. Admin.*, 331 F.3d 1368, 1371-72 (Fed. Cir. 2003). The burden rests on the employee to establish that the Board has jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i); *Stern v. Dep't of the Army*, 699 F.2d 1312, 1314 (Fed. Cir. 1983). The Board's jurisdiction is not plenary, but is "limited to those areas specifically granted by statute or regulation." *Cowan v. United States*, 710 F.2d 803, 805 (Fed. Cir. 1983).

Mancinelli first argues that the Board had jurisdiction over his appeal because the agency failed to comply with 5 C.F.R. § 302.102(b)(1) and (2) and that the agency's failure to follow a regulation somehow constitutes a "prohibited personnel practice" within the Board's jurisdiction. An allegation of a prohibited personnel practice does not provide an independent source of Board appellate jurisdiction under 5 U.S.C. § 7701. *Cruz v. Dep't of Navy*, 934 F.2d 1240, 1246 (Fed. Cir. 1991) (en banc); *see also* 5 U.S.C. § 2302 (listing prohibited personnel practices for which the Office of Special Counsel has authority to investigate and to remedy). As we have recognized, the Board lacks jurisdiction over allegations of prohibited personnel practices unless those allegations are part of an action alleging reprisal for whistleblowing activities, *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 690-91 (Fed. Cir. 1992), or are coupled with an independently appealable adverse action. *Brodt v. Merit Sys. Prot. Bd.*, 11 F.3d 1060, 1061 (Fed. Cir. 1993); *see also* 5 C.F.R. § 1201.3(a) (listing appealable adverse actions). Mancinelli's claim of jurisdiction based upon an alleged prohibited personnel practice is insufficient because he fails to allege whistle-

blowing reprisal or an independently appealable adverse action.

Mancinelli also argues his appeal is within the Board's jurisdiction because the agency erred by not offering him voluntary early retirement. He asserts that the Board has jurisdiction to review determinations affecting rights under the Civil Service Retirement System ("CSRS"). However, the Board's jurisdiction to determine an individual's rights under the CSRS only attaches after OPM has issued a final decision on the issue. *See* 5 C.F.R. §§ 831.109–110. No final OPM decision exists from which Mancinelli can appeal. In order to bring his claim within the jurisdiction of the Board, Mancinelli must first formally apply to OPM for relief. If he does so, OPM must address the timeliness issue—in particular, whether Mancinelli's apparent lack of timeliness is excused by his lack of notice.[2]

We therefore *affirm* the Board's opinion dismissing for lack of jurisdiction.

## AFFIRMED

---

[2] Mancinelli also argues that the Board failed to consider evidence that he first produced on petition for review to the Board. New and material evidence may be introduced on petition for review before the Board if the evidence was not available, despite due diligence, when the record below closed. 5 C.F.R. § 1201.115(d)(1). As Mancinelli failed to show that he exercised due diligence or that the evidence was unavailable prior to the closing of the record below, the Board properly determined that it would not consider this new evidence on petition for review. In any event, there is no showing that this evidence had any bearing on the Board's jurisdiction.

## Costs

No costs.