## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERT H. COHN,<br>        Appellant, | DOCKET NUMBER<br>DC-0752-14-0966-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>        Agency. | DATE: June 25, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Robert H. Cohn</u>, Springfield, Virginia, pro se.

<u>Steven J. Weiss</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1        The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction without a hearing. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant was a Chief Scientist for the agency, covered under the Federal Employees' Retirement System (FERS).  Initial Appeal File (IAF), Tab 1 at 1, Tab 8 at 12.  Beginning in early 2014, the appellant's office underwent an organizational adjustment.[2]  IAF, Tab 7 at 4-5.  It appears that the adjustment affected the Chief Scientist position.  *Id*.  On August 7, 2014, the appellant filed a Board appeal and requested a hearing, alleging that the agency committed prohibited personnel practices and improperly denied him participation in a Voluntary Early Retirement Authority (VERA) and a Voluntary Separation Incentive Plan (VSIP).  IAF, Tab 1 at 2, 5, 7-9.  He further alleged that he intended to resign from employment to avoid retaliation for reporting a prohibited personnel practice to the Board and to the Office of Special Counsel.  *Id*. at 5.  The appellant resigned effective August 22, 2014.  IAF, Tab 5 at 4.

¶3        In the meantime, on August 15, 2014, the administrative judge issued an acknowledgment order, notifying the appellant of how to establish jurisdiction over a constructive removal appeal and ordering him to file evidence and argument on the issue.  IAF, Tab 2 at 2-3.  After receiving evidence and argument from the parties, the administrative judge, without holding a hearing, issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 11, Initial Decision (ID) at 1, 5.  She determined that the appellant asserted that he was not attempting to appeal a constructive removal, and she found that the Board lacks jurisdiction over a claim of prohibited personnel practices per se.  ID at 3-4.

¶4        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  This pro se appellant's arguments are somewhat unclear.  In view of the appellant's pro se status, however, we have interpreted his arguments in the light most favorable to him.  *See Patterson v. U.S. Postal Service*, 71 M.S.P.R.

---

[2] We use the term "organizational adjustment" generically.  We make no finding as to whether the adjustments constituted a "major organizational adjustment" within the meaning of 5 U.S.C. § 8414(d)(6).

332, 335 (1996), *aff'd*, 106 F.3d 425 (Fed. Cir. 1997) (Table). The appellant argues that the administrative judge should not have issued her acknowledgment order before he resigned and that her doing so prevented the Board from having jurisdiction over the appeal. PFR File, Tab 1 at 4-5. He also argues that the Board has jurisdiction over prohibited personnel practice claims, and he explains that several prohibited personnel practices are at issue here, including the violation of numerous merit system principles. *Id*. at 5-9. The appellant further argues that the agency subjected him to an adverse action when it effectively eliminated his position and that the agency's VERA and VSIP denials were improper. *Id*. at 8-9. The agency has filed a response in opposition to the petition for review, PFR File, Tab 3, and the appellant has filed a reply to the agency's response, PFR File, Tab 4. In his reply, the appellant argues among other things that the Board has jurisdiction over this matter as a retirement appeal.[3] *Id*. at 4-5.

¶5        We agree with the administrative judge's decision not to adjudicate the instant appeal as a constructive removal claim. ID at 3. The appellant stated in his last filing below that his appeal "was not, nor could it have been, related to a resignation or retirement" because he had not yet separated from service at the time he filed his appeal. IAF, Tab 10 at 4. Administrative judges have broad authority to govern the proceedings before them, 5 C.F.R. § 1201.41(b), and, in light of the appellant's assertion that his appeal did not pertain to a resignation or

---

[3] The appellant also filed a motion for leave to submit new information. PFR File, Tab 7. He asserts that he recently obtained legal advice that his separation from service was fraudulent and therefore constitutes a "wrongful termination." *Id*. at 4. He asserts that this information is based on his counsel's knowledge of the law and that he could not reasonably have ascertained it when he was acting pro se. *Id*. We find that the appellant's belatedly seeking the advice of an attorney does not constitute a sufficient reason to allow him to submit additional evidence and argument at this stage of the proceeding. While pro se appellants are not expected to proceed with the precision of an attorney in a judicial proceeding, they may not escape the consequences of inadequate representation. *Morrison v. Department of the Army*, 77 M.S.P.R. 655, 659 n.4 (1998). The appellant's motion is DENIED.

retirement, we find that the administrative judge did not abuse her discretion in declining to decide whether the appellant had been subjected to a constructive adverse action.

¶6    The appellant argues on review that the administrative judge should have waited until after the effective date of his resignation to issue her acknowledgment order. PFR File, Tab 1 at 4-5. However, administrative judges are charged with expeditiously adjudicating the cases before them, 5 U.S.C. § 7701(i)(4); 5 C.F.R. § 1201.41(b), and we find that the administrative judge did not abuse her discretion in issuing the acknowledgment order with customary promptness after the appellant filed his appeal. The appellant's claim was not yet ripe when he filed his appeal prior to the date of his resignation. This ripeness problem was due to the appellant's prematurely filing his appeal and was not caused by the timing of the administrative judge's orders. Furthermore, rather than wait for the constructive removal claim to become ripe, the appellant elected not to pursue it. IAF, Tab 10 at 4. If the appellant still wishes to pursue a constructive removal claim, he may file a new appeal of that action with the regional office. The appellant, though, will be responsible for establishing jurisdiction over any such appeal and for showing either that the appeal is timely filed or that there is good cause for any delay. *See generally Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 7-11 (2013) (jurisdictional standard for a constructive adverse action appeal); *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 5 (standard for establishing good cause for a filing delay in a constructive removal appeal), *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011); 5 C.F.R. § 1201.22(b)-(c) (regulatory timeliness requirements for Board appeals).

¶7    We also agree with the administrative judge that the Board lacks jurisdiction over the appellant's claims of prohibited personnel practices in the absence of an otherwise appealable action. ID at 3-4; *see Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 16 (2007); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (prohibited personnel practices under 5 U.S.C. § 2302(b)

are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Arguing that the administrative judge is unaware of the Board's jurisdictional authority, the appellant cites the following language from the Board's website:

> The Merit Systems Protection Board (MSPB) is empowered to hear and decide complaints for corrective or disciplinary action when an agency is alleged to have committed a prohibited personnel practice. 5 U.S.C. §§ 1214, 1215. It is a prohibited personnel practice to (among other things) take an action in violation of the Merit System Principles. 5 U.S.C. § 2302(b)(12).

http://www.mspb.gov/meritsystemsprinciples.htm. Although the Board is empowered to hear and decide complaints for corrective or disciplinary action when an agency is alleged to have taken a prohibited personnel practice, this authority generally is limited to allegations of reprisal in the context of an individual right of action appeal, 5 U.S.C. § 1221(a), and allegations of prohibited personnel practices coupled with independently appealable agency actions or decisions, *Brodt v. Merit Systems Protection Board*, 11 F.3d 1060, 1061 (Fed. Cir. 1993).

¶8    We further find that, in the absence of a constructive removal, as discussed above, the appellant has not been subjected to an appealable adverse action. "Adverse action" is a legal term with a specific meaning. It refers only to the five personnel actions enumerated in 5 U.S.C. § 7512: (1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less. The appellant's allegations and arguments on review do not suggest that he was subjected to any such action. PFR File, Tab 1 at 8-9.

¶9    To the extent that the appellant is challenging a VSIP denial, we find that this is not appealable to the Board under any law, rule, or regulation. *See Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (the Board's jurisdiction is limited to those matters over which it has been given

jurisdiction by law, rule, or regulation).  In particular, we find that the denial of a VSIP is not an appealable agency action or order affecting an individual's rights under FERS.  *Cf.* 5 U.S.C. § 8461(e)(1) (an administrative action or order affecting the rights or interests of an individual or of the United States under FERS administered by the Office of Personnel Management (OPM) may be appealed to the Board).  As applicable here, VSIPs are governed by 5 U.S.C. chapter 35, subchapter II and 5 U.S.C. § 9902(f), not 5 U.S.C. chapter 84.  Furthermore, if VSIPs were retirement benefits under 5 U.S.C. chapters 83 or 84, they would be paid from the Civil Service Retirement and Disability Fund, which they are not.  *See* 5 U.S.C. §§ 3523(b)(7) (reflecting that VSIPs are paid from "appropriations or funds available for . . . basic pay"), 8348(a)(1)(A) (reflecting that FERS benefits come from the Fund); Department of Defense (DOD) Instruction No. 1400.25, Vol. 1702, Enclosure (Encl.) 3, § 2.g. (June 13, 2008) (discussing possible funding sources for a DOD VSIP), http://www.dtic.mil/whs/directives/corres/html/CPM_table2.html.  Nor are VSIPs to be a basis for payment or included in the calculation of any other type of benefit.  *See* 5 U.S.C. §§ 3523(b)(5), 9902(f)(5)(B).  Accordingly, we lack jurisdiction over the appellant's claim that the agency improperly denied him a VSIP.[4]

¶10      However, we agree with the appellant that, to the extent that his appeal concerns a voluntary early retirement denial, it may be appealable to the Board as

---

[4] In *Devingo v. General Services Administration*, 82 M.S.P.R. 138 (1999), *aff'd sub nom. Walker v. General Services Administration*, 250 F.3d 763 (Fed. Cir. 2000) (Table), *Griffin v. General Services Administration*, 82 M.S.P.R. 130 (1999), *Green v. General Services Administration*, 82 M.S.P.R. 45 (1999), *aff'd*, 220 F.3d 1313 (Fed. Cir. 2000), and *Perrine v. General Services Administration*, 81 M.S.P.R. 155 (1999), the Board dismissed the appellants' constructive removal appeals for lack of jurisdiction with the exception of one appellant who established extreme hardship, finding that the agency generally had valid reasons for denying requests to withdraw VSIP buyout commitments.  These cases are not germane to the instant appeal.  The appellant in this case did not retire pursuant to a VSIP buyout agreement.  Nor is there any indication that he attempted to withdraw his retirement application prior to its effective date.  Moreover, as explained above, this is not a constructive removal appeal.  *Supra* ¶¶ 5-6.

a retirement claim, i.e., an administrative action or order affecting his rights or interests under FERS. PFR File, Tab 1 at 9, Tab 4 at 4-5; *see* 5 U.S.C. § 8461(e)(1); *Adams v. Department of Defense*, 688 F.3d 1330, 1335-36 (Fed. Cir. 2012); *see also Dawson v. Department of Agriculture*, 121 M.S.P.R. 495, ¶ 16 (2014) (the appellant's voluntary early retirement claim was appealable as an administrative action or order affecting his rights under the Civil Service Retirement System).

¶11     VERAs under FERS are generally governed by 5 U.S.C. § 8414 and 5 C.F.R. § 842.213. Under those provisions, an agency must request a VERA from OPM and provide specific information in support of its request. 5 C.F.R. § 842.213(a)-(g). Once OPM approves the VERA, those employees who fall within the scope of the VERA's coverage and who meet the age, service, and other requirements prescribed by statute and OPM regulation are entitled to an immediate annuity. 5 U.S.C. § 8414(b); 5 C.F.R. § 842.213(k).

¶12     In addition to the ability to seek VERAs from OPM, the Secretary of Defense has separate statutory authority to establish a voluntary early retirement program to be administered according to regulations established by the Secretary. 5 U.S.C. § 9902(f)(1), (7); DOD Instruction No. 1400.25-Vol. 1702, Encl. 3, § 4. The age and service requirements for early retirement under § 9902(f) as implemented by the Secretary are the same as those for early retirement under § 8414(b) as implemented by OPM. *Compare* 5 U.S.C. § 8414(b), *with* 5 U.S.C. § 9902(f)(4), *and* DOD Instruction No. 1400.25-V1702, Encl. 3, § 4.b. The main difference between VERAs under 5 U.S.C. § 8414(b) and VERAs under 5 U.S.C. § 9902(f) is that, under the former, the agency must obtain authority from OPM, whereas under the latter, the agency itself has the power to grant the VERA to any number of its components.

¶13     The VERA at issue in this appeal was established under 5 U.S.C. § 9902(f). IAF, Tab 1 at 8. However, the record is not sufficiently developed for us to determine whether the appellant was entitled to early retirement under that

section. Specifically, the record does not reflect the scope of the VERA, DOD Instruction No. 1400.25-V1702, Encl. 3, § 4.a.(3), or whether the appellant met the eligibility requirements, *id*. § 4.b. The burden of proving entitlement to retirement benefits is on the applicant for benefits. *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); *Davis v. Office of Personnel Management*, 104 M.S.P.R. 70, ¶ 7 (2006). On remand, the appellant will bear the burden of proving his entitlement to retirement benefits under the VERA, i.e., that he was within the scope of the VERA's coverage and met the age, service, and other requirements prescribed by statute and agency regulation.

## **ORDER**

For the reasons discussed above, we REMAND this case to the regional office for adjudication of the appellant's VERA claim.


FOR THE BOARD:             _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.