# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CARLTON EUGENE HOOKER, JR.,
                    Appellant,

v.

DEPARTMENT OF VETERANS
        AFFAIRS,
                    Agency.

DOCKET NUMBER
AT-1221-21-0217-W-1

DATE: April 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Carlton Eugene Hooker, Jr.</u>, Clearwater, Florida, pro se.

<u>Luis E. Ortiz-Cruz</u>, Esquire, Orlando, Florida, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant filed an appeal alleging that the agency committed a prohibited personnel practice (PPP) pursuant to 5 U.S.C. § 2302(b)(4) when it allegedly obstructed his right to compete for a Police Officer position in April 2017.  Initial Appeal File (IAF), Tab 1 at 3, 5.  With his appeal, he submitted, among other documents, a letter from the Office of Special Counsel (OSC) closing its investigation into the appellant's PPP complaint.  *Id.* at 12.  Unsure of the jurisdictional basis for the appeal, the administrative judge issued an order stating that the appellant appeared to be claiming that the agency retaliated against him because of his whistleblowing or other protected activity, and the administrative judge explained the jurisdictional standards for an individual right of action (IRA) appeal.  IAF, Tab 3.  The appellant submitted two responses confirming that he did not intend to file an IRA appeal but was instead challenging a PPP under 5 U.S.C. § 2302(b)(4).  IAF, Tab 5, Tab 6 at 3. Accordingly, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, holding that PPP claims are not within the Board's jurisdiction unless raised in connection with an otherwise appealable action or when the appellant claims retaliation for whistleblowing or other protected

activity in violation of 5 U.S.C. § 2302(b)(8) or (9), in which case an appellant may file an IRA appeal. IAF, Tab 7, Initial Decision at 3. The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

<u>The appellant has not established jurisdiction over an IRA appeal.</u>

In his petition for review, the appellant again asserts that he is not alleging reprisal for whistleblowing. PFR File, Tab 1 at 10. However, he also asserts that he engaged in protected activity pursuant to 5 U.S.C. § 2302(b)(8), (9) when he filed a grievance with the agency on October 13, 2017, a complaint with the agency's Office of Inspector General on January 26, 2020, a Freedom of Information Act (FOIA) appeal with the Office of Personnel Management in March 2020, and a discrimination complaint with the agency on June 29, 2020. PFR File, Tab 1 at 4-5.

To establish jurisdiction over an IRA appeal, an appellant must show by preponderant evidence that he exhausted his remedies before OSC and make nonfrivolous allegations of the following: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. A nonfrivolous allegation is an assertion of fact that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

The appellant has not proved by preponderant evidence that he exhausted a whistleblower retaliation claim with OSC. *E.g.*, IAF, Tab 1 at 12. The letter from OSC references a PPP claim but not a whistleblower retaliation claim. *Id*. The appellant also has not nonfrivolously alleged that his alleged whistleblowing or other protected activity was a contributing factor to the personnel action at

issue, alleged obstruction of the right to compete for the Police Officer position. The appellant complained that the agency obstructed his right to compete for the position in April 2017. *Id.* at 5, 12. However, all of the protected activity alleged in the petition for review occurred after April 2017 and thus could not have been a contributing factor in that matter. *See Davis v. Department of Defense*, 106 M.S.P.R. 560, ¶ 12 (2007) ("Because the personnel actions complained about by the appellant predate his protected disclosures, there is no way that the disclosures could have in any way contributed to the personnel actions complained about by the appellant."), *aff'd*, 278 F. App'x 1009 (Fed. Cir. 2008). For these reasons, we find that the appellant has not established jurisdiction over an IRA appeal.

The Board lacks jurisdiction over the appellant's PPP claim under 5 U.S.C. § 2302(b)(4).

PPP claims are not an independent source of Board jurisdiction and "are cognizable by the Board only when they motivate an otherwise appealable personnel action." *Brodt v. Merit Systems Protection Board*, 11 F.3d 1060, 1061 (Fed. Cir. 1993). Because the appellant did not establish IRA jurisdiction over his claim and he has not alleged an otherwise appealable action, the Board lacks jurisdiction to hear his PPP claim.

The appellant has not established Board jurisdiction over any new claims asserted in his petition for review.

In his petition for review, the appellant asserts that the agency "failed to take action" against a human resources specialist who the appellant alleges created a vacancy announcement in 2017 without the proper authority. PFR File, Tab 1 at 5-6. The Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). The appellant has not

made such a showing.[2]  In any event, the appellant has not proved by preponderant evidence that he exhausted this matter as an IRA claim with OSC, and as explained above, the Board lacks jurisdiction to hear PPP claims absent another source of Board jurisdiction.  *See Brodt*, 11 F.3d at 1061 (holding that PPP claims are not an independent source of Board jurisdiction); *Corthell*, 123 M.S.P.R. 417, ¶ 8 (explaining that, to establish jurisdiction in an IRA appeal, an appellant must, among other things, prove by preponderant evidence that he exhausted his remedies before OSC).

We have considered the appellant's remaining arguments and find them unavailing.  We therefore deny the petition for review and affirm the initial decision dismissing the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Though the appellant states that he made a FOIA request for "new and material evidence," he has not presented any new and material evidence for the Board's consideration.  PFR File, Tab 1 at 9.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.**  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.