**Raymond G. LACKHOUSE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

Appeal No. 83–896.

United States Court of Appeals, Federal Circuit.

May 14, 1984.

---

Raymond G. Lackhouse, pro se.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, and Robert A. Reutershan, Washington, D.C., submitted for respondent.

Before SMITH and NIES, Circuit Judges, and KELLAM, Senior District Judge.*

EDWARD S. SMITH, Circuit Judge.

In this civilian employment case, petitioner (Lackhouse) appeals from a decision of the Merit Systems Protection Board (MSPB or board) dismissing for lack of jurisdiction Lackhouse's petition for review of the initial decision of the MSPB. We vacate the decision and the case is remanded to the board for consideration of the possible procedural errors surrounding Lackhouse's nonselection.

### Background

Lackhouse was a veterans' preference eligible applicant seeking employment with the Internal Revenue Service (IRS) in Los Angeles, California. The IRS requested and received from the Office of Personnel Management (OPM) a Certificate of Eligibles (certificate) in an effort to fill 78 Revenue Officer (GS–7) positions. Lackhouse was ranked 44 out of the approximately 378 names on the certificate and was interviewed but was not selected. Lackhouse was not informed of his nonselection until he telephoned the IRS on July 27, 1981. At that time he was told that he had been "passed over"[1] three times and would not be considered further.

Lackhouse appealed his nonselection to the MSPB regional office in San Francisco. The presiding official, on December 7, 1981, dismissed Lackhouse's appeal for

---

* The Honorable Richard B. Kellam, Senior District Judge, United States District Court, Eastern District of Virginia, sitting by designation.

1. Section 3317(b) of 5 U.S.C. (Supp. V 1981) provides:

 "(b) When an appointing authority, for reasons considered sufficient by the Office [OPM], has three times considered and passed over a preference eligible who was certified from a register, certification of the preference eligible for appointment may be discontinued. However, the preference eligible is entitled to advance notice of discontinuance of certification."

lack of jurisdiction and the MSPB sustained that initial decision. Lackhouse appeals.

### Jurisdiction

This court has carefully examined the submissions and the sparse record in this case and finds the record insufficient as a basis for determining the issues of jurisdiction of this court or jurisdiction of the board. We assume probable jurisdiction of this court under 5 U.S.C. §§ 7703 and 7701,[2] vacate the decision of the MSPB, and remand the case for proper development of a record.

Lackhouse alleged in his "Appeals Form"[3] to the board regional office that the IRS's action in passing him over violates law and regulation and, further, discriminates against him on the basis of a non-merit factor—age. In spite of Lackhouse's identification in his Appeals Form of the IRS as the agency taking the action against him, the board substituted OPM as the respondent. The board found that section 3317(b) is not applied by OPM, nor does it constitute an employment practice under 5 C.F.R. § 300.101 (1981). On the basis of these findings the board concluded that Lackhouse failed to meet his burden of proving jurisdiction.

Lackhouse on appeal presents a new jurisdictional argument—that *all* veterans' preference matters are within the jurisdiction of the board pursuant to Reorganization Plan No. 2 of 1978 (reorganization plan).[4] The Government in this appeal does not address the merits of this new argument but, rather, contends that Lackhouse is precluded from raising it because he failed to exhaust his administrative remedies.

■ We find it unnecessary, and, indeed, inappropriate on this record, to reach the issue whether the board has jurisdiction over all veterans' preference matters pursuant to the reorganization plan. The fundamental error committed by the board was its failure to determine compliance with the requirements of 5 U.S.C. §§ 3317(b) and 3318(b), which require that the appointing authority file with OPM the reasons for a proposed pass over and that OPM shall determine the sufficiency, or insufficiency, of the reasons given.

Were these provisions complied with, the IRS would have been required to specify, and the OPM would have been required to review, the reasons for each of Lackhouse's 3 pass overs. There is no evidence that the IRS and the OPM did so in each of those instances. Lackhouse was aware that no evidence had been presented. He expressly attacked the lack of evidence in his response to OPM's motion to dismiss his appeal.

By substituting OPM and ruling that it has no authority over OPM's performance under 5 U.S.C. §§ 3317(b) and 3318(b), the board failed to consider Lackhouse's appeal in its entirety. Lackhouse alleged that the agency discriminated against him on the basis of his age in violation of various statutory and regulatory provisions. While he was not considered further, the record does not reveal whether Lackhouse was decertified. In addition, if Lackhouse's certification was discontinued, the IRS failed to give him advance notice of discontinuance of certification, as is required by 5 U.S.C. § 3317(b). These possible failures of the IRS and the OPM may constitute a violation of express statutory procedures and of the regulations promulgated thereunder.

### Age Discrimination

In order to establish jurisdiction of the board, Lackhouse must, as an initial mat-

---

**2.** *Rosano v. Department of the Navy,* 699 F.2d 1315 (Fed.Cir.1983).

**3.** 5 C.F.R. § 1201 app. 1 (1981).

**4.** Reorg. Plan No. 2 of 1978, 43 Fed.Reg. 36,037 (1978), *reprinted in* 5 U.S.C. § 1101 app. at 452–56 (1983), *and in* 92 Stat. 3,783 (1978). (The plan became effective January 1, 1979, transfer-

ring to the MSPB the functions of the United States Civil Service Commission specified in 5 U.S.C. § 1104(b)(4) (1976), which functions include "the hearing or providing for the hearing of appeals, including appeals with respect to * * veterans' preference * * * and the taking of final action on those appeals.")

ter, show that application of the pass over rule is appealable to the board under law, rule, or regulation. Lackhouse alleges, inter alia, that jurisdiction is founded on 5 C.F.R. § 300.103(c) (1981) in that the pass over rule constitutes an employment practice [5] that was used to discriminate against him on the basis of a non-merit factor—age. Section 300.103(c) provides:

(c) *Equal employment opportunity.* An employment practice shall not discriminate on the basis of race, color, religion, sex, *age,* national origin, partisan political affiliation, or other non-merit factor. * * * [Emphasis supplied.]

Section 300.104(a) provides for appeal to the board for violation of that requirement.[6] OPM counters that Lackhouse was not discriminated against but, rather, he was passed over pursuant to 5 U.S.C. § 3317(b) (Supp. V 1981). The board found that section 3317(b) is not applied by OPM, nor do the prescribed procedures constitute an employment practice under 5 C.F.R. § 300.101.

While the board is correct in that the OPM's role under 5 U.S.C. § 3317(b) is limited, it is nonetheless a critical role, particularly with respect to a claim of discrimination. The reasons for each pass over of a preference eligible candidate must be submitted to the OPM for approval. OPM's role is to ensure that the agency's reasons are sufficient. Thus, while certification of a preference eligible may be discontinued when a candidate has been thrice passed over, it is OPM's determinations of the sufficiency of the agency's reasons that give rise to that discretion to discontinue certification.

 Similarly, while the pass over provisions, 5 U.S.C. §§ 3317(b) and 3318(b), were enacted by Congress, that alone does not prevent them from constituting employment practices. Lackhouse does not challenge the legality of those provisions but, rather, challenges their application to him in an allegedly discriminatory manner. The definition of "employment practices" in 5 C.F.R. § 300.101 is inclusive and does not exclude the pass over rule from constituting an employment practice. The rule is similar in function to the enumerated practices and it affects the ranking and selection of individuals. By analogy, the board's extension of section 3317(b) to non-preference applicants appears to constitute an employment practice. No argument is presented that persuades us that 5 U.S.C. § 3317(b) is not an employment practice. Hence, the procedures in sections 3317(b) and 3318(b) applicable to pass over would constitute employment practices that are applied by the OPM.

Thus, on the basis of an adequate record, Lackhouse may have a claim against either the IRS or the OPM over which the board would have jurisdiction.

### Adequacy of Record

As we noted above, the record contains no evidence that the IRS and the OPM complied with the procedural requirements mandated by Congress in sections 3317(b) and 3318(b). Thus, on the basis of this record, it is not known whether any of the 3 pass overs were properly, or improperly, executed; further, it is not known whether Lackhouse's certification was discontinued.

---

**5.** The term "employment practices" is defined in 5 C.F.R. § 300.101 thus:

"The purpose of this subpart is to establish principles to govern, as nearly as is administratively feasible and practical, the *employment practices* of the Federal Government generally, and of individual agencies, that *affect the recruitment,* measurement, *ranking, and selection of individuals for initial appointment* and competitive promotion in the competitive service or in positions in the government of the District of Columbia required to be filled in the same manner that positions in the competitive service are filled. For the purpose of this subpart, the term

'employment practices' includes the development and use of examinations, qualification standards, tests, and other measurement instruments." (Emphasis supplied.)

**6.** Section 300.104(a) of 5 C.F.R. provides:

"(a) *Employment practices.* A candidate who believes that an employment practice which was applied to him or her by the Office of Personnel Management violates a basic requirement in § 300.103 is entitled to appeal to the Merit Systems Protection Board under the provisions of its regulations."

The agencies' alleged failure to comply with the procedural requirements of the statute has prevented adequate development of the record. The IRS and the OPM cannot defeat jurisdiction by their total disregard of the procedural requirements for passing over a preference eligible. Because the record is devoid of any evidence that the IRS presented, or was clearly required to present, to the OPM its reasons for each of the proposed pass overs, it is impossible for either the board or this court to ascertain whether it has, or has not, jurisdiction over Lackhouse's appeal. If it could be determined that petitioner's age was a factor, clearly this court would not have jurisdiction,[7] but until the IRS and the OPM have established compliance with the applicable procedures provided by sections 3317(b) and 3318(b), it would be inappropriate to reach the question whether the MSPB has, or has not, jurisdiction over all veterans' preference matters pursuant to the reorganization plan.

### Conclusion

It was improper on the basis of this sparse record for the MSPB to dismiss petitioner's appeal for lack of jurisdiction. Unfortunately for Mr. Lackhouse, who has carefully and effectively briefed his case, there is nothing in this record upon which we can pass judgment with respect to the reasons for pass over or for his nonselection. There is no evidence that such reasons were, or were not, ever given by the IRS and passed on by the OPM.

Again, unfortunately for Mr. Lackhouse, he must now endure remand of this matter to the board for development of a record. The board is directed on remand to determine whether or not the IRS and the OPM complied with 5 U.S.C. §§ 3317(b) and 3318(b). There will then be sufficient facts of record to determine whether Lackhouse has a case on the merits and, if so, to what tribunal that case should be taken. Further, the board is directed to join the IRS

as a respondent so that Lackhouse's appeal may be resolved in its entirety.

In view of the inadequacy of the materials of record to allow this court to effectively review the decision of the board, that decision is vacated. This case is remanded to the board for further proceedings consistent with this opinion, including determination and delineation in detail of the facts with respect to consideration of Mr. Lackhouse's application and nonselection, and enforcement of the applicable procedural requirements of sections 3317(b) and 3318(b), and the regulations thereunder.

VACATED AND REMANDED.

NIES, Circuit Judge, dissenting.

Petitioner states that a single issue is presented for review in this appeal:

Are all veterans preference matters within the jurisdiction of the Merit Systems Protection Board?

I conclude that this issue is not properly before us and I would in any event, transfer the case to the United States District Court which petitioner chooses to designate.

Petitioner asserted before the MSPB that IRS was able to use the subject OPM regulation, which allows an agency not to reconsider an applicant for employment who has been considered and passed over three times, as a means of discriminating against him on the basis of his age. As a preference eligible, he also now challenges the application of the regulation to veterans.

It is wholly unnecessary to remand this case to the MSPB as the majority mandates. Such action can only lead to further delay of petitioner's efforts to have the legality of his non-selection judicially determined. Moreover, any review of the decision of the board after remand is not within the appellate jurisdiction of this court. Rather, review would have to be sought in a U.S. District Court. 5 U.S.C. 7703(b)(2).

Applicants for employment have few bases for appeal to the MSPB. Having lost on

---

7. *Williams v. Department of the Army,* 715 F.2d 1485 (Fed.Cir.1983) (jurisdiction over appeal

from "mixed" case lies in the appropriate district court).

his argument before the board that 5 C.F.R. 300.104(a) provided a jurisdictional basis for his appeal, petitioner puts forth a new argument to this court. Not only is it inappropriate to raise this issue for the first time on appeal, but also petitioner's position that the MSPB has jurisdiction over all veterans preference matters is without merit and could not correct the jurisdictional defect of the board or this court.

In essence, petitioner asserts that by Reorganization Plan No. 2 of 1978, the MSPB succeeded to all of the authority of the former Civil Service Commission (CSC) and that, since the CSC had authority to hear appeals concerning veterans preference, MSPB must have that authority. However, it is incorrect that MSPB succeeded to all authority of the CSC. Rather, MSPB succeeded to certain appeals authority, OPM taking on other powers of the CSC. To determine what appeals authority lies in the MSPB, one must look to the present statute. No basis for petitioner's appeal to the MSPB can be found therein.

This does not mean that petitioner is without a right to review, given the serious nature of his charges, but only that he started proceedings in the wrong forum. To avoid any statute of limitations problem, I would transfer proceedings to a district court which can develop all of the facts surrounding his removal, rule on the validity of the OPM regulation as applied to veterans, and resolve the issue of whether petitioner was discriminated against because of his age. Petitioner will undoubtedly end up in a trial in the district court regardless of what the MSPB does, so that it would be most expeditious to recognize that this is a case involving an issue of age discrimination, over which we have no jurisdiction, and simply transfer proceedings to a district court at this time in accordance with *Williams v. Department of the Army,* 715 F.2d 1485 (Fed.Cir.1983).