101 F.3d 715
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Linda Diane KING-ROBERTS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not
citable as precedent. It is a public record. The
disposition will appear in tables published periodically.
United States Court of Appeals for the Federal Circuit 96-3238
 United States Court of Appeals, Federal Circuit.
 Nov. 13, 1996.
 
 Before MAYER, PLAGER, and LOURIE Circuit Judges.
 PER CURIAM.
 
 
 1
 Linda Diane King-Roberts petitions for review of the final decision of the Merit Systems Protection Board, No. AT0731960128-I-1, dismissing her appeal for lack of jurisdiction. We affirm.
 
 
 2
 We review the board's decision within precisely-defined statutory limits. See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). We must affirm the board's dismissal of King-Roberts' appeal unless she demonstrates it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Mintzmyer v. Department of Interior, 84 F.3d 419, 422 (Fed.Cir.1996). The board's jurisdiction is not plenary; rather, "it is limited to those matters specifically entrusted to it by statute or regulation." Serrao v. Merit Sys. Protection Bd., 95 F.3d 1569, 1573 (Fed.Cir.1996). King-Roberts has the burden of establishing the board's jurisdiction. Id. She has not met that burden.
 
 
 3
 King-Roberts points to no statute or regulation granting the board jurisdiction over an appeal from the Office of Personnel Management's (OPM) decision sustaining the Department of Veterans Affairs' (VA) objection to certifying her as eligible for the Medical Technologist position, and granting the VA's request for permission to "pass over" her in filling that post. Rather, King-Roberts argues that the board had jurisdiction over her appeal pursuant to Lackhouse v. Merit Systems Protection Board, 734 F.2d 1471 (Fed.Cir.1984), appeal after remand, 773 F.2d 313 (Fed.Cir.1985). Generally, however, the board lacks jurisdiction to review an agency's refusal to select an applicant for a vacant position. More specifically, the board does not have jurisdiction to review an appeal of OPM's decision to sustain an agency's objection to certification of an employee's eligibility for hire.
 
 
 4
 Lackhouse cannot save King-Roberts' appeal from the same conclusion. There, we held that the board had jurisdiction under 5 C.F.R. § 300.104(a) to review the validity of 5 C.F.R. § 332.405, which permits an agency to drop from employment consideration an eligible who has been considered by the agency for three separate appointments for the same position. We held that the application of that regulation, the validity of which Lackhouse challenged, to deny him further consideration constituted an employment practice which allegedly discriminated against him on the basis of a nonmerit factor. We then held the regulation to be valid. Here, of course, neither the rule of three nor, more broadly, the validity of a regulation is an issue.
 
 
 5
 King-Roberts also argues that OPM has now completed its suitability determination of her. However, she does not say what was decided. Regardless, that determination was not before the board and is not before us. We have considered King-Roberts' remaining arguments but find them unpersuasive.