# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SUSAN ELIZABETH DELMERICO,
          Appellant,

        v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
AT-3443-17-0281-I-1

DATE: May 30, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Susan Elizabeth Delmerico, Jacksonville, Florida, pro se.

Thomas J. Tangi, Jacksonville, Florida, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed her nonselection appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to supplement the administrative judge's analysis to explain why the Board lacks jurisdiction over this appeal based on regulations of the Office of Personnel Management (OPM) concerning suitability actions and employment practices, we AFFIRM the initial decision.

## BACKGROUND

¶2        On October 17, 2016, the agency posted a vacancy announcement for the position of Health System Specialist, GS-0671-09.  Initial Appeal File (IAF), Tab 5 at 8-12.  The vacancy announcement noted that the position would be filled using the agency's expedited hiring authority for designated healthcare professions.  *Id.* at 8.  Approximately 68 applicants were certified as qualified for the position, including the appellant.  *Id.* at 14-16.  The candidate selected for the position was purportedly a veteran with a compensable, service-connected disability of 30% or more.  *Id.* at 14, 22, 34.  The appellant does not have a veterans' preference.  IAF, Tab 1 at 1, Tab 5 at 15.

¶3        Following her nonselection, the appellant filed this appeal with the Board.  IAF, Tab 1.  Among other things, she alleged that she was denied an interview or consideration for the position and that the agency wrongfully accounted for the candidates' veterans' preference in filling the vacancy.  *Id.* at 5.

¶4  Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction because the appellant failed to make a nonfrivolous allegation[2] of any matter appealable to the Board.  IAF, Tab 6, Initial Decision (ID) at 1-3.  The administrative judge explained that nonselection decisions are generally not actions that can be appealed to the Board.  ID at 2-3.  She further found that the appellant's allegations of procedural error in the selection process were not a source of jurisdiction and that the appellant failed to make a nonfrivolous allegation under OPM's employment practices regulations because any employment practice at issue was not administered by OPM.  ID at 3.  The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply.  Petition for Review (PFR) File, Tabs 1, 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5  Generally, a nonselection is not the type of action that can be directly appealed to the Board.  *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 6 (2012); *see* 5 U.S.C. §§ 7512, 7513(d).  However, as the administrative judge correctly informed the appellant, there are exceptions to this general rule.  IAF, Tab 2 at 2-5.  One exception is when an employment practice that was applied to an employee by OPM violates a basic requirement set forth at 5 C.F.R. § 300.103.  5 C.F.R. § 300.104(a).  Further, OPM's regulations provide that a suitability action, as defined at 5 C.F.R. § 731.203, may also be appealed to the Board pursuant to 5 C.F.R. § 731.501(a).[3]

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).  An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal.  *Id.*

[3] The National Defense Authorization Act for Fiscal Year 2016, Pub. L. No. 114-92, § 1086(f)(9), 129 Stat. 726, 1010 (2015), amended 5 U.S.C. § 7512 to state that chapter 75 of Title 5 of the U.S. Code "does not apply to . . . a suitability action taken by [OPM] under regulations prescribed by [OPM], subject to the rules prescribed by the President under [Title 5] for the administration of the competitive service."  5 U.S.C.

¶6 The appellant argues on review that the agency's expedited hiring authority requires it to apply merit principles to assist in determining the best qualified candidate and that the agency failed in this regard. PFR File, Tab 1 at 5-6. She seems to contend that, if the agency had appropriately screened its candidates, several of its interviewees would never have been interviewed for the position. *Id.* at 6-7. She states that the hiring manager told her that she was the most qualified candidate for the position and that he further said that the human resources office instructed that only veterans were to be interviewed for the position, despite the certification of a number of nonveterans. IAF, Tab 4 at 9-10; PFR File, Tab 1 at 7. The appellant argues that the agency's decision to interview only veterans constituted a cancellation of every nonveteran's eligibility for employment consideration, which she asserts is a suitability action. PFR File, Tab 4 at 4. She also alleges that the agency's actions violated the basic requirements set forth at 5 C.F.R. § 300.103. *Id.*

<u>The appellant has failed to nonfrivolously allege that OPM's suitability regulations are a source of jurisdiction.</u>

¶7 Regulations promulgated by OPM in 2008 state that a "suitability action," as defined in those regulations, may be appealed to the Board. 5 C.F.R. § 731.501(a). Suitability determinations examine whether "a person's character or conduct . . . may have an impact on the integrity or efficiency of the service." 5 C.F.R. § 731.101. If an individual is deemed unsuitable for service based on one or more of the factors enumerated in 5 C.F.R. § 731.202(b), the acting agency may take a suitability action, which is defined as a removal, debarment, cancellation of eligibility, or cancellation of reinstatement eligibility. 5 C.F.R. § 731.203. However, "[a] non-selection, or cancellation of eligibility for a

§ 7512(F). Given our finding that the appellant's nonselection was not a suitability action, we do not consider the effect, if any, of section 7512(F) on this appeal, an issue that has not been addressed by either party.

specific position . . . is not a suitability action even if it is based on reasons set forth in § 731.202." 5 C.F.R. § 731.203(b).

¶8        Assuming arguendo that the agency directed that only veterans be interviewed for the position at issue in this case, we find that this does not constitute a "cancellation of eligibility," as that term is used at 5 C.F.R. § 731.203(a), or any other suitability action. Moreover, even if it did constitute a cancellation of eligibility, it would only have been a cancellation of eligibility for a specific position, which is excluded from the definition of a suitability action. 5 C.F.R. § 731.203(b). Accordingly, we find that the appellant failed to nonfrivolously allege that the agency took a suitability action against her. Therefore, we conclude that 5 C.F.R. § 731.501(a) is not a source of jurisdiction here.

The appellant has failed to nonfrivolously allege that her claim concerns an employment practice that OPM was involved in administering.

¶9        The Board has jurisdiction over an employment practices appeal when (1) an appellant's claim concerns an "employment practice" that OPM is involved in administering and (2) she has nonfrivolously alleged that the employment practice violated one of the "basic requirements" set forth in 5 C.F.R. § 300.103. *Burroughs v. Department of the Army*, 116 M.S.P.R. 292, ¶ 15 (2011). An "employment practice" is defined, in relevant part, as those practices "that affect the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion in the competitive service," and includes "the development and use of examinations, qualification standards, tests, and other measurement instruments." 5 C.F.R. § 300.101. However, an individual agency action or decision that is not a rule or practice of some kind does not qualify as an employment practice, but an agency's misapplication of a valid OPM requirement may constitute an employment practice. *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 7 (2010).

¶10 The administrative judge found that the appellant failed to nonfrivolously allege that any employment practice at issue in this appeal was administered by OPM.[4] ID at 3. On review, the appellant has failed to explain why we should reverse this finding, PFR File, Tabs 1, 4, and we see no reason to do so. Accordingly, assuming without finding that the appellant has nonfrivolously alleged that her claim concerns employment practices, we find that she has failed to nonfrivolously allege that OPM was involved in administering such employment practices. IAF, Tab 4 at 7, 9-10; PFR File, Tab 1 at 7; *see Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 888 (Fed. Cir. 1998) (finding that the appellant failed to allege that OPM was involved in the establishment of allegedly improper minimum qualifications for the position to which he applied).

¶11 The appellant claims that the agency erred in its application of its rules regarding the pass-over of individuals with a veterans' preference. PFR File, Tab 1 at 7-8, Tab 4 at 10. The pass-over provisions set forth at 5 U.S.C. § 3318(c) have been found to constitute an employment practice applied by OPM. *Lackhouse v. Merit Systems Protection Board*, 734 F.2d 1471, 1474 (Fed. Cir. 1984). However, because the agency used a direct-hiring authority pursuant to 10 U.S.C. § 1599c and 5 U.S.C. § 3304(a)(3), section 3318 was not directly applicable to the agency, and the agency instead only had to apply the "principles" of certain preferences for the hiring of veterans, such as the pass-over provisions set forth at 5 U.S.C. § 3318(c). IAF, Tab 5 at 8, 20, 30-31. Further, unlike subsection 3318(c), the agency's pass-over procedures do not involve OPM. IAF, Tab 5 at 22. Thus, the appellant's arguments do not constitute a nonfrivolous allegation that OPM was involved in administering any employment practice at issue in this appeal.

---

[4] Alleged violations involving employment practices administered or required by an agency, rather than OPM, are actionable through the agency's grievance process. 5 C.F.R. § 300.104(c).

<u>The appellant's remaining arguments do not change the jurisdictional determination.</u>

¶12    The appellant also refers to one statement made by the agency's representative as an admission by the agency that it violated the merit system principles, and she refers to another statement as an admission by the agency that it is not standard for it to use acceptable employment practices.  PFR File, Tab 1 at 5.  The agency asserts that the first purported admission was merely a typographical error on its part.  PFR File, Tab 3 at 6; IAF, Tab 5 at 5.  In the context of all the agency's submissions in this appeal, we agree that this is an immaterial typographical error.  Regarding the other purported admission, concerning the agency's use of acceptable employment practices, we find that the appellant has misconstrued the pleading and the agency's representative did not make the admission alleged by the appellant.  IAF, Tab 5 at 6.

¶13    Finally, the appellant asserts that she was denied discovery in her appeal.  PFR File, Tab 1 at 5-8.  However, we find that the appellant has failed to demonstrate how the absence of discovery prejudiced her ability to make a nonfrivolous allegation on the dispositive jurisdictional issue.  *See Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 14 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009); *Sommers v. Department of Agriculture*, 62 M.S.P.R. 519, 523 (1994); 5 C.F.R. § 1201.115.  Accordingly, we affirm the initial decision and dismiss the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7702</u>(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____/s/ for_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.