NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LIBBY A. DEMERY,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF THE ARMY,**
*Intervenor*

---

2025-1157

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-24-0105-I-1.

---

Decided:  November 4, 2025

---

LIBBY A. DEMERY, Clinton, MD, pro se.

KELLY WINSHIP, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

ELINOR JOUNG KIM, Commercial Litigation Branch,

Civil Division, United States Department of Justice, Washington, DC, for intervenor. Also represented by STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY, BRETT SHUMATE.

————————

Before MOORE, *Chief Judge*, HUGHES and STOLL, *Circuit Judges*.

PER CURIAM.

Libby Demery seeks review of the Merit Systems Protection Board's decision that it lacks jurisdiction to hear her case. The Board did not err and so we affirm.

I

In October 2010, Ms. Demery interviewed with the Department of the Army's National Guard Bureau for a position as a Management Analyst. The interview panel recommended Ms. Demery for the position, but the hiring authority offered the position to another candidate from the Army's Priority Placement Program (PPP), who accepted in December 2010. [1]

Following her non-selection, Ms. Demery filed a series of complaints under various legal theories all stemming from the issue of her non-selection for the Management Analyst role.[2] On November 1, 2023, Ms. Demery filed the underlying Board appeal (MSPB No. DC-3443-24-0150-I-1), indicating she was appealing an "other action" by the Army that she characterized as a "[f]ailure to provide judicial

————————

[1] The facts underlying this appeal are discussed more fully in *Demery v. Dep't of Army*, 809 F. App'x 892, 894–95 (Fed. Cir. 2020).

[2] Ms. Demery currently has another appeal before this court. *Demery v. Merit Sys. Prot. Bd.*, No. 24-2215 (Fed. Cir. 2024).

reviewable decision within 120 days of formal mixed complaint." S.A. 30–33.[3] In the "formal mixed complaint" at issue, Ms. Demery brought allegations of age discrimination, improper personnel practices, and harmful procedural error in relation to her non-selection. S.A. 2, 11–12.

The administrative judge issued two show cause orders regarding jurisdiction. The first show cause order included guidance on how to establish the Board's jurisdiction over her claims and ordered Ms. Demery to respond with information to prove jurisdiction. S.A. 34–43. A large portion of the order included instructions regarding Veteran Employment Opportunity Act (VEOA) claims, as the administrative judge had construed Ms. Demery's complaint to contain one. Ms. Demery responded that she was not filing a VEOA claim, but a "mixed case" involving alleged age discrimination and 5 U.S.C. § 3318 violations.[4] SAppx 27–28. Ms. Demery also included three documents from a prior equal employment opportunity claim and later requested a hearing. SAppx 25–32, 35–38.

In the second show cause order, the administrative judge acknowledged that Ms. Demery was not filing a VEOA claim, attempted to clarify Ms. Demery's claims, provided additional guidance on establishing jurisdiction for employment practice claims, and noted that her appeal

---

[3]    S.A. refers to the Supplemental Appendix attached to the Respondent's Informal Response Brief. SAppx refers to the Supplemental Appendix attached to the Intervenor's Informal Brief. Appx refers to the documents attached to Ms. Demery's briefs. The Appendix in the Opening Brief ends at what has been designated as Appx28, and the Appendix in the Reply Brief begins at Appx29.

[4]    Sections 3317 and 3318 articulate the OPM procedures regarding selecting eligible candidates for vacant positions in the competitive service from a register certified by OPM. 5 U.S.C. §§ 3317–3318.

appeared to be untimely. S.A. 46–53. Ms. Demery responded that the administrative judge made an "erroneous and unsupported suggestion" that the underlying issue of her claim was her non-selection.[5] SAppx 42–43. She stated that her appeal was not a non-selection appeal because she had received an "unoffical tentative job offer" and was told to "await [an] official offer" from the Civilian Personnel Advisory Center (CPAC). *Id.*

On February 6, 2024, the administrative judge issued an initial decision dismissing Ms. Demery's appeal for lack of jurisdiction. S.A. 16–17. The initial decision noted that the Board typically does not have jurisdiction over non-selection claims, which it found Ms. Demery's claims to amount to despite her prior assertions otherwise. S.A. 14–15. The initial decision also determined the Board did not have jurisdiction over her age discrimination, improper personnel practices, and procedural error allegations "[a]bsent an otherwise appealable action." S.A. 14.

The initial decision also considered whether Ms. Demery's claims would fall under an Employment Practice allegation—one of the "limited circumstances in which the Board does have jurisdiction to consider an appeal of a non-selection." S.A. 15. The administrative judge determined that Ms. Demery failed to satisfy the two required elements to establish such jurisdiction. S.A. 15–16. The initial decision also determined that Ms. Demery was not entitled to a hearing. S.A. 16 (citing *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc)).

---

[5]   Ms. Demery's response also addressed the timeliness and laches issues that the administrative judge noted in the second cause order. S.A. 44. Since the Board, by dismissing for lack of jurisdiction, did not reach the timeliness or laches issue, we decline to address them. SAppx 12 n.3.

Ms. Demery filed an administrative petition for review by the full Board. Appx10–18. The Board affirmed the initial decision's findings that the Board lacked jurisdiction over Ms. Demery's claims and found her claim of bias or prejudice against the administrative judge unpersuasive. S.A. 2–5. Ms. Demery now appeals the Board's final decision. Since Ms. Demery's case is not a mixed case, we have jurisdiction under 28 U.S.C. § 1295(a)(9).[6] *See* 5 U.S.C. § 7703(b); *Harris v. Sec. & Exch. Comm'n*, 972 F.3d 1307, 1318 (Fed. Cir. 2020).

## II

We set aside a Board decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's conclusion that it lacks jurisdiction de novo. *Bryant v. Merit Sys. Prot. Bd.*, 878 F.3d 1320, 1325 (Fed. Cir. 2017).

---

[6] Our jurisdiction was originally in dispute because our jurisdiction over MSPB appeals is limited. *Diggs v. Dep't of Hous. & Urb. Dev.*, 670 F.3d 1353, 1355 (Fed. Cir. 2011). We lack jurisdiction over "mixed cases," which are cases where the appellant "(1) has been affected by an action that the appellant may appeal to the Board and (2) alleges that a basis for the action was discrimination prohibited by enumerated federal statutes." *Ash v. Off. of Pers. Mgmt.*, 25 F.4th 1009, 1011 (Fed. Cir. 2011); *cf.* 5 U.S.C. § 7703(b)(1)(A). Such cases must be brought in district court. *Ash*, 25 F.4th at 1011. On May 5, 2025, Ms. Demery filed a new Form 10 "Statement Concerning Discrimination," abandoning her discrimination claims, no longer making it a "mixed case." Dkt. No. 29 at 3.

### III

The Board can hear matters over "which it has been given jurisdiction by law, rule, or regulation." 5 C.F.R. § 1201.3(a). Accordingly, the Board has jurisdiction over several enumerated claims, such as "[a]dverse actions" and "[e]mployment practices" appeals. 5 C.F.R. § 1201.3(a)(1), (7).

Ms. Demery argues that the Board erred in dismissing her (1) non-selection claim, (2) employment practices claim based on alleged violations of 5 U.S.C. §§ 3317–3318, and (3) age discrimination claim under the Age Discrimination in Employment Act (ADEA)[7] for lack of jurisdiction. *See* Pet. Br. 2–4, 8–9. Ms. Demery also argues that the administrative judge erred by failing to provide "explicit instructions . . . on how to establish an appealable action," refusing to consider evidence, and failing to sanction the Army for not appearing during her Board proceedings. Pet. Br. 2, 15–16, 18.

### A

An agency's decision to not select an applicant for a vacant position generally cannot be appealed to the Board. *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998). Claims of unlawful conduct during the employment selection process must therefore ordinarily be brought in other forums. *Id.* Furthermore, allegations of a prohibited personnel practice are not an independent source of the Board's jurisdiction, unless the allegations are tied to an "otherwise appealable personnel action." *Brodt v. Merit Sys. Prot. Bd.*, 11 F.3d 1060, 1061 (Fed. Cir. 1993).

Although Ms. Demery asserts that her circumstances do not constitute non-selection, we disagree. Ms. Demery

---

[7]    Because Ms. Demery has waived her discrimination claim, we do not address it. Dkt. No. 29.

argues that she received a tentative employment offer that was rescinded, so she was not challenging a "non-selection." Pet. Br. 3. (arguing that the administrative judge "misrepresent[ed] the facts of the case" by determining Ms. Demery was challenging a non-selection). It is clear from the record that Ms. Demery never received an official job offer, nor an official tentative offer, by the hiring authority. SAppx 42–43 ("No official . . . offer ever came . . . ."); Appx1 ("[A tentative job offer] will not be extended to Demery . . . ."); Appx35 ("Only CPAC has the authority to extend tentative and firm job offers."). Rather, Ms. Demery was recommended and ultimately not selected. The record thus shows that what occurred is tantamount to non-selection. Errors during the selection process alone do not provide the Board jurisdiction. *See Prewitt*, 133 F.3d at 886; *see also Brodt*, 11 F.3d at 1061.

Ms. Demery's argument about improper personnel practices also cannot be brought without an "otherwise appealable adverse action." *Brodt*, 11 F.3d at 1061. Ms. Demery failed to establish an independently appealable adverse action, as non-selection is not an adverse action within the Board's jurisdiction under 5 U.S.C. § 7512. Section 7512 states what actions are covered, and non-selection is not included. The Army's decision to go with another candidate rather than Ms. Demery, or to rescind an unofficial, tentative job offer, does not constitute any enumerated covered action under 5 U.S.C. § 7512.

B

While the Board generally does not have jurisdiction over non-selection claims, there is an exception providing the Board limited jurisdiction if the petitioner alleges that the non-selection resulted from OPM's application of an employment practice that violates a requirement of 5 C.F.R. § 300.103. To prevail in establishing jurisdiction under an employment practices appeal, the petitioner must show "(1) that the actions in question constitute

employment practices, and (2) that OPM is involved in the administration of those practices." *Prewitt*, 133 F.3d at 887. Ms. Demery has failed to establish either.

Ms. Demery alleges that "the agency failed to seek OPM pass over prior to [selecting] a significantly younger former employee" in violation of 5 U.S.C. §§ 3317 and 3318, which she believes constitutes a violation of employment practices under *Lackhouse v. Merit Sys. Prot. Bd.* (*Lackhouse I*), 734 F.2d 1471 (Fed. Cir. 1984) and *Lackhouse v. Merit Sys. Prot. Bd.* (*Lackhouse II*), 773 F.2d 313 (Fed. Cir. 1985). Pet. Br. 3–4, 7 ("There is no question of whether 5 USC Sections 3317 and 3318 are OPM Employment practices since this court found and ruled it so in *Lackhouse v. MSPB* (Fed Cir 1986).") (cleaned up). The *Lackhouse* opinions are inapplicable here. *Lackhouse I* was remanded for further factual development and *Lackhouse II* involved a challenge to the *validity* of the rule of three. *Lackhouse I*, 734 F.2d at 1475; *Lackhouse II*, 773 F.2d at 315 & n.3. By contrast, Ms. Demery challenges the application of the rule of three to her case, which was not at issue in *Lackhouse II*. She does not argue that the rule itself is invalid—just that the Army failed to properly apply the regulation at issue.

Likewise, Ms. Demery's "employment practice" argument also fails because she did not show that OPM was "involved in the administration" of the alleged employment practices actions. *Prewitt*, 133 F.3d at 887. We have held that "OPM's involvement in the selection process must be significant," to satisfy the second requirement. *Id.* at 888.

Ms. Demery has not brought forward any facts showing OPM's involvement in the administration of the selection process for the position at issue. Ms. Demery's only assertion of OPM's involvement was that the Army was an OPM "delegate[ed] examining unit." *See* Pet. Br. 16–17. The Army's alleged failure to properly implement an OPM regulation does not show sufficient OPM involvement to establish jurisdiction. *See Maule v. Merit Sys. Prot. Bd.*, 812

F.2d 1396, 1398 (Fed. Cir. 1987) (exercising jurisdiction because OPM made the "pivotal decision" resulting in non-selection). Because the record does not show how OPM was significantly involved in her non-selection, we agree with the Board that the necessary OPM involvement is not present.

## C

We have considered Ms. Demery's other arguments and find them unpersuasive.

## IV

Because Ms. Demery did not allege facts supporting the Board's jurisdiction, we affirm.

## **AFFIRMED**

### COSTS

No costs.