# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTIE STEWART,

          Appellant,

    v.

DEPARTMENT OF AGRICULTURE,

          Agency.

DOCKET NUMBERS
DE-531D-22-0164-I-2
DC-1221-22-0336-W-2
DC-0752-22-0476-I-1

DATE: September 6, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Christie Stewart</u>, Bowie, Maryland, pro se.

<u>Stephanie Ramjohn Moore</u>, Esquire, and <u>Benjamin Waschler</u>, Esquire,
    Washington, D.C., for the agency.

<u>Hillary Clark</u>, Beltsville, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which denied corrective action in her individual right of action (IRA) appeal, affirmed the denial of a within-grade increase (WIGI), and dismissed her involuntary resignation claim for lack of jurisdiction.[2] For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the following findings by the administrative judge: (1) the agency proved by substantial evidence that the appellant was not performing at an acceptable level of competence and, therefore, the WIGI denial was proper; (2) the appellant did not prove her affirmative defenses of discrimination, retaliation for equal employment opportunity (EEO) activity, and harmful error; and (3) the appellant did not prove jurisdiction over her constructive removal claim. Regarding the appellant's whistleblower reprisal claim, we AFFIRM the administrative judge's finding that the appellant engaged in protected activity under 5 U.S.C. § 2302(b)(9), but we VACATE his finding that the appellant made a protected disclosure under 5 U.S.C. § 2302(b)(8). We also VACATE the finding that the appellant did not prove that her protected activity was a contributing factor in her 2021 performance evaluation, WIGI denial, and placement in a nonduty status for 4 months pending the outcome of a misconduct investigation. We REMAND the case to the Denver Field Office for further adjudication in accordance with this Remand Order.

**DISCUSSION OF ARGUMENTS ON REVIEW**

On review, the appellant challenges nearly all of the administrative judge's factual and credibility findings, and she asserts that the initial decision should be reversed in its entirety. *Stewart v. Department of Agriculture*, MSPB Docket No.

---

[2] Pursuant to a May 17, 2023 notice issued by the Office of the Clerk of the Board, the above-referenced docket numbers were joined for processing on petition for review. Petition for Review File, Tab 3 at 1; *see* 5 C.F.R. § 1201.36(a)(2). We find that joinder is appropriate here because it will expedite the processing of these appeals and will not adversely affect the interests of the parties.

DE-531D-22-0164-I-2, Petition for Review (PFR) File, Tabs 1-2, 5. As a general matter, the Board must defer to an administrative judge's credibility determinations when, as here, they are based on observing the demeanor of witnesses at a hearing, and the Board may overturn such determinations only when it has sufficiently sound reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We have considered the appellant's arguments relating to credibility, and we find that she has not established a sufficient basis for overturning the administrative judge's credibility findings. PFR File, Tab 1 at 16-18.

WIGI denial and affirmative defenses

¶3      The appellant has not made any specific challenges to the administrative judge's findings as to the merits of the WIGI denial, and we find no reason to disturb them. *Stewart v. Department of Agriculture*, MSPB Docket No. DE-531D-22-0164-I-2, Appeal File, Tab 18, Initial Decision (ID) at 13-24; PFR File, Tabs 1-2; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (holding that the Board will not disturb an administrative judge's findings when he considered the evidence as a whole, drew appropriate references, and made reasoned conclusions on issues of credibility); *see also Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶4      Regarding harmful procedural error, the appellant asserts, for the first time on review, that the agency did not give her notice of her unacceptable performance during the rating cycle, citing 5 C.F.R. § 432.104. PFR File, Tab 1 at 6-7. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); *see* 5 C.F.R. § 1201.115(d). The appellant has not made such a showing. In any event, these arguments are not a basis for disturbing the initial decision because section

432.104 pertains to performance-based actions, such as removals, and not WIGI denials. *See Bowden v. Department of the Army*, 59 M.S.P.R. 662, 666 n.3 (1993) (noting that the substance of the appellant's right under 5 C.F.R. part 531 is not to a formal evaluation but to be put on notice that her performance has been found inadequate so that she can work to gain her WIGI at a later date). The appellant has provided no basis on review to disturb the administrative judge's findings regarding her other harmful error claims, and we therefore affirm them.[3] ID at 46-48.

¶5    The appellant also asserts on review, as an affirmative defense to the WIGI denial, that the agency committed harmful procedural error by violating the Administrative Leave Act of 2016, S.R. 114-292, 114th Cong. (2015-2016), and 5 U.S.C. § 6329b. PFR File, Tab 1 at 7. The agency asserts that the appellant failed to raise this argument before the administrative judge. PFR File, Tab 4 at 15. Even if we were to find that the appellant timely raised the argument, we find that she has not proved harmful error. The Administrative Leave Act of 2016 was not enacted and therefore cannot form the basis of a harmful error claim. S.R. 114-292, 114th Cong. (2015-2016). Pursuant to 5 U.S.C. § 6329b, an agency may place an employee on investigative leave, with pay, for a maximum of 130 days. 5 U.S.C. § 6329b(b)(1)(A), (b)(3)(A), (c)(1)-(2). At the time the appellant's WIGI was denied on September 9, 2020, she had been on administrative leave, pending investigation, for 44 days. *Stewart v. Department of Agriculture*, MSPB Docket No. DE-531D-22-0164-I-1, Initial Appeal File (IAF), Tab 1 at 18, Tab 55 at 133. To the extent the appellant asserts that an improper agency official made the decision to authorize investigative leave, PFR File, Tab 1 at 7, she has not proved that the absence or

---

[3] On review, the appellant, without explanation, cites to 29 C.F.R. § 1691.5. PFR File, Tab 1 at 7. This regulation pertains to procedures for addressing complaints of discrimination filed against recipients of Federal financial assistance. 29 C.F.R. § 1691.1. The appellant has not established that this regulation is relevant to the issues in this appeal.

cure of that error would likely have caused the agency to reach a different outcome as to the WIGI denial. *See* 5 C.F.R. § 1201.4(r).

¶6 On review, the appellant reasserts many of the same arguments that she raised before the administrative judge concerning her race discrimination affirmative defense.[4] PFR File, Tab 1 at 15, 20-21. We find that the administrative judge considered the evidence as a whole, drew appropriate references, and made reasoned credibility findings, and we find no reason to disturb his finding that the appellant failed to prove her race discrimination affirmative defense by preponderant evidence. ID at 48-49; *see Crosby*, 74 M.S.P.R. at 106; *Broughton*, 33 M.S.P.R. at 359. The appellant also reasserts on review that the agency failed to accommodate her disabilities and that the agency retaliated against her for requesting reasonable accommodations. PFR File, Tab 1 at 13-14. For example, the appellant asserts that the agency failed to continue the interactive process after partially denying her reasonable accommodation request and that it failed to offer her reassignment to a vacant position. *Id.* at 13. However, the appellant has not identified any evidence demonstrating that she notified the agency that the granted accommodations were insufficient to accommodate her disabilities or any request for reassignment to another position because of her disability. *Id.* at 13-14; *see Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 17 (2014) (finding that an appellant's mere assertion that the agency could have allowed him to use specific software was insufficient to establish his burden that an accommodation existed and was reasonable). The appellant also asserts on review that the agency denied her request to access the Employee Assistance Program for emergencies. PFR File, Tab 1 at 14. This is not supported by the record. IAF, Tab 84 at 25-26. We therefore find that the appellant has not proved that the agency denied her

---

[4] The appellant has not made any specific challenges to the administrative judge's finding that she failed to prove that her sex and disability were motivating factors in the WIGI denial. We find no reason to disturb those findings, and we therefore affirm them. ID at 48-53.

requested accommodations. We also agree with the administrative judge's finding that the appellant failed to prove that the agency retaliated against her for requesting reasonable accommodations, and her arguments on review are insufficient to warrant a different outcome. ID at 50-52; PFR File, Tab 1 at 14. To the extent the appellant asserts on review that she was subjected to a hostile work environment based on her race, disability, sex, or in retaliation for her protected EEO activity, we find that she has not proved that her workplace was permeated with unwelcome discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *See Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 31 (2017) (setting forth the standard to prove a hostile work environment claim under Title VII).

¶7      Regarding her EEO reprisal affirmative defense, the appellant asserts that the administrative judge erred in finding that some of her disclosures were not protected under Title VII. PFR File, Tab 1 at 7-8, 14-15. Even if we assume, for purposes of this decision, that the appellant engaged in additional protected EEO activity, such as that contemplated in the items enumerated 3-6, 8-10, 12, 14, 17-21, and 23 in the initial decision, we agree with the administrative judge's finding that the appellant failed to prove that her EEO activity was a motivating factor in the WIGI denial. ID at 15-24, 50-52; *see Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 22, 30-33 (explaining that, to be entitled to relief in a Title VII claim, the appellant must, at a minimum, prove that the protected activity or characteristic was a motivating factor in the personnel action). We agree with the administrative judge's well-reasoned analysis that the agency's evidence in support of its decision to deny the WIGI was extremely strong, therefore outweighing the timing evidence and any motive to retaliate by the responsible management official. ID at 15-24, 50-52. The agency's conclusion that the appellant's performance was not acceptable in critical element 1, which, in relevant part, required her to communicate in a forthcoming

and respectful manner, is well supported by the record. For example, the appellant's statement that she wished her supervisor had better communication skills and that she was "foolish" and "repulsive," on its face, is inappropriate and disrespectful, particularly in light of the appellant's position as a human resources branch chief. IAF, Tab 100 at 29-30. In fact, the appellant's email prompted a complaint from her subordinate employee, referring the appellant's "toxic behavior." *Id.* at 29. We therefore agree that the appellant has not proved that her EEO activity was a motivating factor in the agency's decision to deny her WIGI.[5]

<u>IRA claims and whistleblower reprisal affirmative defense</u>

¶8          As to the appellant's IRA claims and whistleblower affirmative defense, she disagrees, on review, with the administrative judge's analysis of the protected disclosures and personnel actions[6] and his findings on contributing factor. First, we address the appellant's arguments concerning the protected disclosures. The appellant asserts on review that item 9, which concerns a purported communication with Congress, is protected under 5 U.S.C. § 2302(b)(8)(C). PFR File, Tab 1 at 20. Although the communication itself is not in the record, some evidence suggests that the communication concerned sexual harassment of a

---

[5] To the extent the appellant asserts on review that the agency retaliated against her for engaging in protected EEO activity by issuing a letter of reprimand and lowering her performance rating, PFR File, Tab 1 at 8, 10, the Board lacks jurisdiction over such claims. *See Brodt v. Merit Systems Protection Board*, 11 F.3d 1060, 1061 (Fed. Cir. 1993) ("Prohibited personnel practices are cognizable by the Board only when they motivate an otherwise appealable personnel action.").

[6] By analyzing the merits of the alleged protected disclosures and personnel actions identified by the appellant, the administrative judge implicitly found that the Board has jurisdiction over the same. ID at 38-45. We modify the initial decision to explicitly find that the Board has jurisdiction over these issues and to find that the appellant exhausted her claims with OSC. IAF, Tabs 13, 27; *see Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11 (explaining the requirements of exhaustion); *see also MaGowan v. Environmental Protection Agency*, 119 M.S.P.R. 9, ¶ 5 (2012) (explaining that, in an IRA appeal, the standard for establishing jurisdiction is a nonfrivolous allegation, whereas the standard for establishing a prima facie case on the merits is preponderant evidence).

junior employee by the appellant's second-level supervisor. IAF, Tab 56 at 211. Because allegations of sexual harassment are generally covered by Title VII, including the disclosure at issue here, it is not protected under 5 U.S.C. § 2302(b)(8). *See Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10-20 (holding that allegations of discrimination in violation of Title VII cannot be brought under whistleblower protection laws), *aff'd*, No. 2022-1967 (Fed. Cir. 2022). We have also considered whether item 9, along with items 12, 14, and 20, which also concern complaints that the appellant's second-level supervisor sexually harassed a junior employee, are protected under 5 U.S.C. § 2302(b)(9)(B). That section prohibits retaliation for testifying or otherwise lawfully assisting any individual in the exercise of any an appeal, complaint, or grievance. *Id.* However, there is no evidence that the junior employee filed an appeal, complaint, or grievance, and thus, we find that the disclosures are not protected under this section. *See Edwards*, 2022 MSPB 9, ¶ 28. Next, the appellant asserts that item 2, which concerns the Deputy Director of Human Resources' "lack of discretion with employee files and information," is protected under whistleblower law. PFR File, Tab 1 at 19. However, for the reasons set forth in the initial decision, we agree that the appellant has not proved by preponderant evidence that the disclosure is protected under 5 U.S.C. § 2302(b)(8). ID at 26. Finally, the appellant appears to assert that some of her disclosures should be protected under 5 U.S.C. § 2302(b)(9)(C), which, in relevant part, prohibits retaliation for cooperating with or disclosing information to a "component responsible for internal investigation or review." PFR File, Tab 1 at 10, 20. In relevant part, she states that "agency administrators" and directors, to whom she made some of her purported disclosures, have delegated authority from the Secretary of Agriculture to "supervise and direct." *Id.* at 10. She generally cites to 7 C.F.R. part 2. *Id.* However, the appellant has not proved that these regulations establish that an

agency administrator or director is a component responsible for internal investigation or review, as contemplated by 5 U.S.C. § 2302(b)(9)(C).[7]

¶9 In the initial decision, the administrative judge found that item 24, which concerns a September 30, 2021 email sent by the appellant to the agency's human resources department alleging that the agency did not disclose all documents related to her WIGI denial, was protected whistleblowing. IAF, Tab 44 at 21-22; ID at 35-36. We disagree. The appellant has not proved by preponderant evidence that this email demonstrates a reasonable belief that the agency violated a law, rule, or regulation, or engaged in gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. IAF, Tab 47 at 20; *see* 5 U.S.C. § 2302(b)(8). The appellant has also not proved that the email warrants protection under 5 U.S.C. § 2302(b)(9). To the extent she asserts that the human resources official is a component responsible for internal investigation, as contemplated by 5 U.S.C. § 2302(b)(9)(C), we disagree for the same reasons set forth in the preceding paragraph. We therefore reverse the administrative judge's finding that item 24 is protected whistleblowing.

¶10 Second, we address the appellant's arguments on review concerning the alleged personnel actions. First, the appellant disputes the administrative judge's finding that she did not prove that an alleged denial of training was a personnel action under 5 U.S.C. § 2302(a)(2)(A). PFR File, Tab 1 at 12. The administrative judge found that the appellant did not prove that the training would reasonably be expected to lead to an appointment, promotion, performance evaluation, or other action listed in that section. ID at 3 n.3. The record supports a finding that the training was unrelated to the appellant's job

---

[7] The appellant has not proved by preponderant evidence, or even alleged, that she exercised an appeal, complaint, or grievance right granted by any law, rule, or regulation with regard to remedying a violation of 5 U.S.C. § 2302(b)(8), and therefore we find that she has not proved that her disclosures are protected by 5 U.S.C. § 2302(b)(9)(A). PFR File, Tab 1 at 19; *see Edwards*, 2022 MSPB 9, ¶¶ 24-25 (holding that an employee who filed complaints with his agency's EEO office about systemic race discrimination was not protected under section 2302(b)(9)(A)(i) because he did not seek to remedy an alleged violation of section 2302(b)(8)).

duties, IAF, Tab 54 at 157-59, and the appellant has not pointed to any contrary evidence on review. Next, the appellant disagrees with the administrative judge's finding that she did not prove that she was subjected to a significant change in duties, responsibilities, or working conditions, as would constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii). PFR File, Tab 1 at 16. In relevant part, she asserts that the agency subjected her to retaliatory investigations and placed her on administrative leave without duties from July 28, 2021, through the date of her resignation on November 19, 2021. *Id.*; IAF, Tab 55 at 133. We find that the appellant's placement in a nonduty status for nearly 4 months pursuant to a misconduct investigation, during which time she was instructed "not to conduct any official business nor access any [agency] work site for any reason," IAF, Tab 55 at 133, constitutes a significant change in duties under 5 U.S.C. § 2302(a)(2)(A)(xii). Thus, pursuant to the broad set of circumstances in this appeal, the July 2021 investigation, in combination with the appellant's placement in a nonduty status for 4 months, qualifies as a personnel action under 5 U.S.C. § 2302(a)(2)(a)(xii). *See Sistek v. Department of Veterans Affairs*, 955 F.3d 948, 955 (Fed. Cir. 2020) (explaining that a retaliatory investigation itself normally does not qualify as a personnel action under whistleblower protection law, but it may qualify, either on its own or as part of a broader set of circumstances, if it rises to the level of a significant change in working conditions); *see also Spivey v. Department of Justice*, 2022 MSPB 24, ¶¶ 10-11 (explaining that agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action covered by section 2302(a)(2)(A)(xii)).

¶11 Third, we address contributing factor. The administrative judge found that the appellant did not prove that any of the responsible management officials had knowledge of her protected whistleblowing. ID at 37-41. We disagree. On May 12, 2021, the appellant emailed the management officials responsible for her

2021 performance rating, WIGI denial, and the decision to place her in a nonduty status pending a misconduct investigation, and she stated that she had filed a complaint with the Office of Inspector General (OIG) in September 2020. IAF, Tab 44 at 14. She also stated that she had reported information to the Office of Special Counsel. *Id.* Approximately 2 months later, the agency placed her in a nonduty status pending the outcome of a misconduct investigation, and, approximately 4 months later, the appellant's supervisor issued her an unsuccessful performance rating and denied her WIGI. IAF, Tab 1 at 18-20, Tab 55 at 133. We therefore find that the appellant has met the knowledge/timing test as to these personnel actions. *See Easterbrook v. Department of Justice*, 85 M.S.P.R. 60, ¶ 10 (2000) (finding that a personnel action taken within 7 months of the protected disclosure satisfied the knowledge/timing test). Accordingly, this appeal must be remanded for the administrative judge to determine whether the agency proved by clear and convincing evidence that it would have taken the same actions in the absence of any whistleblowing activity.[8] *See* 5 U.S.C. § 1221(e)(1); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶¶ 13-14 (2015).

Constructive removal

¶12     On review, the appellant asserts, as she did before the administrative judge, that her resignation was involuntary because the agency placed her on extended administrative leave pending a misconduct investigation against her. PFR File, Tab 1 at 7, 16. However, the fact that the appellant was not physically present in the workplace for an extended time before her resignation and, by implication, was not regularly interacting with the individuals she accused of wrongdoing,

---

[8] On review, the appellant asserts that her supervisor had knowledge of her 2020 OIG complaint before issuing the 2020 letter of reprimand and the 2020 performance rating. PFR File, Tab 1 at 10, 18. However, her citations to the record do not support such a finding, *id.* (citing IAF, Tab 32 at 45, 50-58, Tab 46 at 54), and it is not the Board's obligation to pore through the record or to construe and make sense of allegations in an extremely voluminous case file, *Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18 n.2 (2002).

weakens her argument that her resignation was coerced. *See Axsom v. Department of Veterans Affairs,* 110 M.S.P.R. 605, ¶ 16 (2009) (holding that the fact that the appellant was on extended leave prior to his decision to resign, and thus had little, if any, contact with any allegedly hostile supervisors in the months leading up to his resignation, weakened any inference that any alleged harassment and discrimination weighed heavily in his decision). Further, to the extent the appellant claims that her negative performance rating or the denial of a WIGI rendered her resignation involuntary, we disagree. *See Neice v. Department of Homeland Security*, 105 M.S.P.R. 211, ¶ 9 (2007) (holding that dissatisfaction with a performance rating and an unsuccessful challenge to that rating would not compel a reasonable person to resign). In sum, we find that the appellant did not prove any wrongful agency action that rendered her resignation involuntary. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 11 (2013) (holding that, to establish jurisdiction over an adverse action claim, the employee must show that she lacked a meaningful choice in the matter, and it was the agency's wrongful actions that deprived her of that choice).

Other matters

¶13    The appellant attached nearly 100 pages of documents to her petition for review. PFR File, Tab 1 at 32-120. However, the documents all predate the initial decision, and, thus, they are not new. *See* 5 C.F.R. § 1201.115(d) (defining new and material evidence as that which was unavailable when the record closed despite the party's due diligence). We therefore have not considered them. We have also considered the appellant's supplemental filing to her petition for review, in which she disputes the findings in the agency's report of investigation concerning her EEO complaint. PFR File, Tab 2. Because the Board has made its own independent determinations concerning the appellant's discrimination claims over which we have jurisdiction, we need not address her disagreement with the agency's findings. To the extent the appellant's arguments dispute the

administrative judge's findings as to her discrimination claims, we have considered them and find that they do not warrant a different result.

## ORDER

¶14    For the reasons discussed above, and because the administrative judge is in the best position to consider the evidence and render any necessary credibility determinations, we remand this case to the Denver Field Office for further adjudication of the IRA appeal and whistleblower reprisal affirmative defense to the WIGI denial, in accordance with this Remand Order. The administrative judge shall issue a remand initial decision addressing whether the agency has proved by clear and convincing evidence that it would have taken the same actions, i.e., the unsuccessful 2021 performance rating and WIGI denial, and the placement in a nonduty status pending the outcome of a misconduct investigation, in the absence of the appellant's protected activity. If any of the administrative judge's findings on remand affect his findings or conclusions as to the constructive removal claim, he shall so state in his remand initial decision. If his findings on remand do not affect his conclusions as to the constructive removal claim, he may adopt his prior findings in the remand initial decision.[9]

FOR THE BOARD:                         _____

*Gina K. Grippando*

                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.

_____

[9] Once there is a final order dismissing the appellant's constructive adverse action appeal for lack of jurisdiction, the agency is required, under Equal Employment Opportunity Commission (EEOC) regulations, to reissue a notice under 29 C.F.R. § 1614.108(f) giving the appellant the right to elect between a hearing before an EEOC administrative judge and an immediate final decision. *See* 29 C.F.R. § 1614.302(b).